*307 JUSTICE McDONOUGH,
dissenting:
The speedy trial issue is analogous to Senator Everett Dirkson’s statement of a billion dollars here and a billion dollars there and pretty soon a lot of money is being thrown around. In this case there is a little prejudice before charging, a little more prejudice before trial, and a major infliction of prejudice when the alleged victim was found incompetent to testify.
The defendant’s speedy trial rights were violated.
A 291 day delay occurred between the time the charges were filed and the time of trial. The State asserts that 49 days are chargeable to the defendant. This leaves 242 days. A delay of this magnitude necessitates a speedy trial inquiry. When faced with such an inquiry the State must assert a reasonable excuse for the delay and show that the defendant was not prejudiced. Furthermore, there is a presumption that the defendant was prejudiced by the delay and it is the State’s burden to overcome it. The State has failed to do so. State v. Waters (1987), 228 Mont. 490, 743 P.2d 617.
The State’s excuse of “institutional delay” does not overcome this presumption. The District Court found the delay attributable to the retirement of the presiding judge and other delays within the system. Normally, due to the inherent characteristics of our criminal justice system, a six month delay is not unexpected between time of charging and the time of trial. Any systematic delays longer than six months, however, must he extraordinary and compelling or else charges should be dismissed. Such circumstances are not shown here. The presiding judge officially retired on the first Monday in January of 1989. Furthermore, the State knew that he would retire even before charges were filed in June of 1988. These facts do not rise to the level of extraordinary and compelling.
The constitutional right of a speedy trial applies to all branches of government. The executive to prosecute, the judiciary to conduct, and the legislative not to enact constitutional impediments or fail to provide sufficient resources to the other branches. Under the set of circumstances presented by this case, it is clear that the government failed in its duty to afford the defendant her constitutional right to a speedy trial. “Institutional delays” as set forth here are not satisfactory excuses.
Moreover, there is a presumption that this delay prejudiced the defendant. The victim, who was in fact the salient witness of the case, was a very elderly man in his eighties who was subject to all of the vagaries of advanced age, particularly mental deficiency. There *308 was no extraordinary number of witnesses, the case was not unusually complex, and written documents were practically all bank records obtainable by investigative subpoenas. However, 14 months transpired from the complaint to law enforcement authority until the time the defendant was charged. During this period of time the victim wrote a new will, prepared by the attorney for the complaining witness. This attorney testified that the victim was competent to dispose of his property. However, by the time of trial, approximately 18 months later, he was deemed incompetent to testify. The State’s reasons for the delay in bringing the defendant to trial are insufficient to overcome the facts which clearly support the presumption that the defendant was prejudiced.
The State argues that defendant was able to present witnesses who testified as to the victim’s competency at the time of the alleged criminal acts and therefore was able to present her case before the jury. However, this delay has prevented her from presenting the victim as part of her case in chief and has prevented her from cross-examining him as to the actual events surrounding the alleged criminal acts.
In view of the victim’s age, physical and mental state, and the importance of his testimony, the State has not overcome the presumption of prejudice. The State knew or should have known the competency of the most important witness for the defense was likely to deteriorate. Despite this knowledge it did not take steps to bring the matter to trial, and therefore the case should be reversed and the charges dismissed.
JUSTICES SHEEHY and HUNT concur in the foregoing dissent of justice McDonough.