NO.   95-301

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

STATE OF MONTANA,

    Plaintiff and Respondent,

    v.

KATHLEEN FAY SCHINDLER,

    Defendant and Appellant.



FILED

FEB 6 - 1996

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Fifth Judicial District,
               In and for the County of Jefferson,
               The Honorable Frank M. Davis, Judge presiding.


COUNSEL OF RECORD:

       For Appellant:

       Charles E. Petaja, Helena, Montana

       For Respondent:

       Joseph P. Mazurek, Attorney General, Patricia
       Jordan, Assistant Attorney General, Helena, Montana;
       Valerie D. Wilson, Jefferson County Attorney,
       Boulder, Montana


Submitted on Briefs:  November 30, 1995

Decided:  February 6, 1996

Filed:

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

Kathleen Fay Schindler (Schindler), was convicted by a jury in the District Court for the Fifth Judicial District, Jefferson County, of assault and criminal mischief, both misdemeanors. She appeals the Order of the District Court granting the State's Motions in Limine excluding several of her witnesses. We affirm.

We address the following issues on appeal:

1. Did the District Court err in excluding all defense witnesses on the basis that they had not been disclosed in a timely fashion?

2. Did the District Court err in excluding several defense witnesses on the basis that their testimony would not be relevant to the charges facing Schindler?

### Background Facts

On May 3, 1993, Todd Hamper (Hamper) and Keith Jennings (Jennings), employees of Pegasus Gold Mine, were driving along Basin Creek Road toward the mine when Schindler and Gordon Ford (Ford) signaled them to stop. Ford approached the vehicle and accused the two men of speeding along the gravel road. Ford told them that if they didn't slow down he would throw the hatchet he

2

was holding through their window.

As Ford approached the men, Hamper, who had been driving, got out of the vehicle to speak with him. Ford calmed down as he discussed the situation with Hamper. Schindler, on the other hand, continued to yell profanities at Hamper and Jennings and threatened to get her gun and shoot them if they continued to speed past her house.

Hamper returned to the vehicle and, as he drove away, Schindler began throwing rocks at them. One rock struck the vehicle just below the wing window on the passenger side. As Hamper and Jennings drove toward the mine, they encountered their boss, Dave Swanson (Swanson). They stopped their vehicle to tell Swanson of the incident and to inspect the vehicle for damage. They discovered a dent below the wing window on the passenger side.

Swanson filed a complaint with the Jefferson Country Sheriff's Department over the incident. Ford and Schindler were each charged with one count of assault. In addition, Schindler was charged with one count of attempted deliberate homicide for another incident occurring on June 10, 1993. Schindler was arrested at her home on June 17, 1993, pursuant to a warrant.

On June 22, 1993, an amended complaint was filed in justice court dismissing the attempted deliberate homicide charge and adding a charge of criminal mischief for the damage to the vehicle in the May 3, 1993 incident. Schindler was convicted in justice court on March 4, 1994, of misdemeanor assault and criminal mischief. Ford was acquitted of the charge against him.

3

Schindler filed a notice of appeal in the Fifth Judicial District Court, but the District Court dismissed the appeal as untimely. Schindler appealed to this Court and the District Court order was subsequently reversed and the case was remanded for trial.

Schindler elected to represent herself at trial and notified the District Court to that effect by letter dated January 22, 1995. At the February 17, 1995 Omnibus Hearing, the District Court ordered that all motions, notices and trial briefs be filed at least ten days prior to the trial scheduled for April 10, 1995. Schindler filed her pretrial brief on March 23, 1995. Her brief included a list of all witnesses she intended to call at trial.

On March 22, 1995, the State filed two motions in limine. The first requested that the District Court exclude any witnesses or defenses that had not been disclosed in a timely fashion and the second requested that the District Court prohibit Schindler from calling any witnesses to testify about events other than those relating to the May 3, 1993 incident for which she had been charged. The District Court granted the State's motions and moved up the trial date to April 6, 1995.

On the day set for trial, following jury selection, the District Court addressed Schindler's inquiry into why she was not allowed to call witnesses. The possible testimony of each proposed defense witness and its relevance to the May 3, 1993 incident was discussed. The District Court determined that Gordon Ford was the only relevant witness on Schindler's list who had not already been

4

subpoenaed by the State. The court advised Schindler that she could call Ford as a witness.

Immediately following the District Court's inquiry into Schindler's witnesses, the State proceeded with its case. The State called several witnesses who were also on Schindler's witness list and Schindler was allowed to question each witness. At the close of the State's case, Schindler advised the court that she had been unable to locate Ford. The District Court offered to grant her additional time to locate her witness but she declined. She also declined to testify on her own behalf and she rested without presenting any testimony.

The case was submitted to the jury and Schindler was convicted of misdemeanor assault and criminal mischief. She was given a six-month suspended sentence and fined $500 on each offense.

Issue 1.

Did the District Court err in excluding all defense witnesses on the basis that they had not been disclosed in a timely fashion?

In its Order filed March 24, 1995, the District Court granted the State's Motion in Limine to prohibit the defense from calling any witnesses, offering any evidence, or raising any defense which had not been disclosed in a timely fashion pursuant to § 46-15-329(4), MCA.

Section 46-15-329, MCA, provides:

Sanctions. If at any time during the course of the proceeding it is brought to the attention of the court that a party has failed to comply with any of the provisions of this part or any order issued pursuant to this part, the court may impose any sanction that it finds just under the circumstances, including but not

5

limited to:

. .
(4) .precluding a party from calling a witness, offering evidence, or raising a defense not disclosed . . . .

We have previously stated that § 46-15-329, MCA, endows a district court with the discretion and flexibility to impose sanctions commensurate with the failure to comply with discovery orders and that, absent a clear abuse of discretion, we will not interfere with the trial court's decision.   State v. Haskins (1994), 269 Mont. 202, 207, 887 P.2d 1189, 1192-93 (citing State v. Waters (1987), 228 Mont. 490, 495, 743 P.2d 617, 621).

Schindler argues that the District Court violated her due process rights by "summarily granting" the State's motion prohibiting her from calling any witnesses on her behalf and that she was denied a fair trial.   The State argues that the District Court properly excluded the testimony of witnesses where proper notice had not been given pursuant to § 46-15-323, MCA.

Section 46-15-323, MCA, provides in pertinent part:

> (6)  Within 30 days after the arraignment or at a later time as the court may for good cause permit, the defendant shall make available to the prosecutor for testing, examination, or reproduction:
> (a) the names, addresses, and statements of all persons, other than the defendant, whom the defendant may call as witnesses in the defense case in chief, together with their statements . . . .

In its Omnibus Hearing Order filed February 27, 1995, the District Court stated:

> All matters set forth in § 46-13-110, MCA were addressed, and have been complied with, or are inapplicable except as follows:
> <u>Discovery:</u>  Defendant is concerned about redacted information from the Dispatcher logs from information previously supplied.  The State contends this redacted

> information does not concern person and matters related to this case. The redacted information is to be furnished to the Court for an ***in camera review,*** and supplied to Defendant by the Court if determined to be relevant to this case.
> ***Just*** Notice (Other crimes, wrong or acts): If the State determined this notice applicable, it shall be given ten days prior to trial.
> Other notices and motions: Any other notices and motions shall be filed or submitted ten days before trial, as well as trial briefs, proposed instructions and a verdict form.

It would appear from these comments by the District Court that the court extended the provisions of § 46-15-323(6), MCA, to ten days before trial. Since Schindler filed her pretrial brief containing her list of witnesses on March 23, 1995, and trial had been set for April 10, 1995, Schindler was in compliance with the court's order. The District Court erred in finding that Schindler had not complied with disclosure provisions and the court abused its discretion by imposing sanctions and excluding Schindler's witnesses.

The State also contends that Schindler was required to give notice of her defenses prior to trial. However, § 46-15-323, MCA, only requires notice of certain defenses, such as alibi, mistaken identity, and entrapment. Schindler need not give notice of a general defense that the State could not prove its case, providing that she does not use any of the defenses enumerated in § 46-15-323, MCA.

Issue 2.

Did the District Court err in excluding several defense witnesses on the basis that their testimony would not be relevant to the charges facing Schindler?

7

In its Order granting the State's motion to exclude witnesses not **timely** identified and disclosed, the District Court did not specifically grant the State's second motion to only allow testimony relevant to the May 3, 1993 incident. However, the court did state that it reserved the right

> to reconsider this order, provided that the Defendant immediately advise the Court as to why these proposed witnesses were not timely disclosed, and a summary of proposed testimony and *its relevance to* the *pending charges.* [Emphasis added.]

At trial, the District Court reviewed each witness on Schindler's list and determined that many of the witnesses Schindler intended to call were not present at the May 3, 1993 incident, would not have any testimony relevant to the charges facing Schindler, and should, therefore, be excluded, The court determined that those witnesses with relevant information, with the exclusion of Gordon Ford, had already been subpoenaed by the State and Schindler would have the opportunity to question them.

The standard of review for evidentiary rulings is whether the district court abused its discretion. State v. Gollehon (1993), 262 Mont. 293, 301, 864 P.2d 1257, 1263. The determination of whether evidence is relevant and admissible is left to the sound discretion of the trial judge and will not be overturned absent a showing of abuse of discretion. Gollehon, 864 P.2d at 1263.

Since Schindler was only charged with crimes occurring on May 3, 1993, any testimony regarding incidents of a later date were properly excluded by the District Court. As to witness Ford who was present at the May 3, 1993 incident, the District Court offered

8

to grant Schindler additional time to locate Ford and allow him to testify. However, Schindler declined the court's offer and stated "I don't know that he's going to produce much more than Mr. Hamper and Mr. Jennings did . . . ." While the District Court initially may have been in error to exclude Ford, it corrected the error by allowing Ford to be called and when he could not be located, offered Schindler additional time to locate him.

Accordingly, we hold that the District Court did abuse its discretion in this case by excluding all defense witnesses as not timely disclosed. However, we hold that the error was harmless because those witnesses that were not called to testify were properly excluded, with the exception of witness Ford, as their testimony was not relevant to the charges facing Schindler. We will not reverse a district court judgment for error which is harmless. Section 46-20-104, MCA; State v. Rothacher (Mont. 1995), 901 P.2d 82, 87, 52 St.Rep. 772, 775.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices