No. 00-155

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 239

STATE OF MONTANA,

Plaintiff and Respondent,

v.

JOHN M. GOLDER,

Defendant and Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

Honorable Ed McLean, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Mark E. Jones, Missoula, Montana

For Respondent:

Honorable Joseph P. Mazurek, Attorney General; Cregg W.

Coughlin, Assistant Attorney General; Helena, Montana

Fred R. Van Valkenburg, County Attorney, Missoula, Montana

Submitted on Briefs: August 3, 2000
Decided: August 31, 2000

Filed:

_____

Clerk


Chief Justice J. A. Turnage delivered the Opinion of the Court.

¶1 Montana's Fourth Judicial District Court, Missoula County, denied John M. Golder's motion in limine seeking to suppress the testimony of two witnesses and to dismiss this matter. Golder claimed the State's failure to timely provide notice of proposed witnesses constituted unfair surprise and denied him a fair trial and that under § 46-15-329, MCA, sanctions were warranted. We affirm the District Court's ruling.

¶2 Golder states the issue on appeal as follows: Did the District Court err when it denied his motion to exclude testimony of witnesses who were not disclosed pursuant to the court's order?

¶3 John Golder was charged on April 25, 1999, with driving under the influence of alcohol, failure to carry proof of insurance, and driving while his license was suspended. A jury trial in Missoula County Justice Court on October 13, 1999, resulted in convictions on all three counts, notwithstanding the Justice Court's exclusion of the testimony of the two State's witnesses in question. The exclusion of the two witnesses was based on the State's failure to comply with the Justice Court's discovery deadlines.

¶4 Golder appealed, and a trial de novo was held in District Court on January 10, 2000. The court denied Golder's motion in limine to suppress the testimony of the two State's witnesses, and Golder subsequently pled guilty to all three counts, preserving the suppression issue for appeal. The judgment against Golder has been stayed pending appeal. Golder's motion in limine also requested that testimony regarding his blood alcohol content be suppressed, but he does not raise that issue before this Court.

## DISCUSSION

¶5 The only issue in this case is whether the District Court erred in ruling that Golder had sufficient prior notice of the existence of the two State's witnesses and the nature of their testimony. Golder argued in his motion in limine and in briefs that the timing of the State's

formal disclosure of the two witnesses and the nature of their testimony constituted unfair surprise and jeopardized his right to a fair trial as assured under the Montana Constitution. Golder's motion in limine was silent as to what statutory basis the defendant relied upon to support his request to suppress evidentiary material. The record is equally silent as to the legal basis for the District Court's denial of the motion.

¶6 Section 46-15-322, MCA, sets forth the discovery procedures with which the State must comply, stating in subsection (5) that, "The prosecutor may not be required to prepare or disclose summaries of witnesses' testimony." The purpose of Montana's discovery scheme is to enhance the search for truth. *State v. Waters* (1987), 228 Mont. 490, 495, 743 P.2d 617, 620.

¶7 Section 46-15-329, MCA, provides the mechanism for enforcement of discovery orders and possible sanctions, providing that "the court *may* impose any sanction that it finds just under the circumstances . . . " (emphasis added). Sanctions available to the court under this statute include the following:

(1) Ordering disclosure of the information not previously disclosed;

(2) Granting a continuance;

(3) Holding a witness, party, or counsel in contempt for an intentional violation;

(4) Precluding a party from calling a witness, offering evidence, or raising a defense not disclosed; or

(5) Declaring a mistrial when necessary to prevent a miscarriage of justice.

Section 46-15-329, MCA. The standard of review for a court's decision regarding imposition of sanctions in such a case is whether the court has abused its discretion in allowing the material in controversy. *Waters,* 228 Mont. at 495, 743 P.2d at 621.

¶8 In *Waters*, the defendant objected to the belated use by the State of two photos of a rented VCR that the defendant had attempted to unlawfully convert. The defendant knew the VCR and the photos were in controversy and had been previously notified by the State the photographs would be introduced as evidence. This Court held on appeal that Waters was not prejudiced or unduly surprised by the State's belated formal delivery of the VCR photographs and the VCR and that the court did not abuse its discretion in admitting the

evidence. *Waters*, 228 Mont. at 495-96, 743 P.2d at 621.

¶9 Here, too, the quest for truth was not thwarted. Golder was alerted to the existence of a 911 tape as early as July 30, 1999, in the State's Response to Defendant's Motion for Discovery, paragraph 11, where it states, "The taped communications made during the defendant's arrest (the 911 tape) are available to defense counsel at the Missoula County Attorney's office during normal office hours." This very tape and the direct testimony of the callers, the Knapps, had been the subject of Golder's successful suppression motion in Justice Court in October. The Knapps were the persons who made the complaining phone call to 911 concerning Golder's erratic driving on April 25, 1999, that led to his initial arrest. In addition, defense counsel acknowledges in his reply brief in support of his request for a writ of review that the 911 tape was made available to him on "approximately September 22, 1999."

¶10 By Golder's own admission at a status hearing before the District Court on December 22, 1999, in response to a direct question by the court, no discovery was being withheld. Furthermore, Golder appeared to accept an affirmative duty for arranging the logistics of discovery regarding the 911 tape and the testimony of the Knapps with the State at the same status hearing. When asked by the court if there was a time certain when he wished the State to make the witnesses available, defense counsel stated, "I'm sure I can work something out with the State." The court further inquired, "That can be done in coordination with Mr. Jones [defense counsel] and the State." Defense counsel stated, *"Will do."* (Emphasis added.) Nowhere in the record is there evidence that Golder or his counsel made any effort to make arrangements for discovery of the very evidence in controversy here. Golder's counsel then admitted at trial before the District Court that he had in fact heard the tape much earlier than the State's formal notification of the general content of the tape and intent to use it at trial before the District Court. As the State aptly noted, Golder's concerns regarding prejudice and undue surprise appear to elevate form over substance.

¶11 Moreover, the statutory language "may" in § 46-15-329, MCA, grants the court discretion regarding imposition of sanctions where discovery orders have not been strictly complied with. The statute endows the district courts with the flexibility to impose sanctions commensurate with the failure to comply with discovery orders. *Waters,* 228 Mont. at 495, 743 P.2d at 621. Absent a clear abuse of discretion, the decision of the district court must be upheld. *Waters,* 228 Mont. at 495, 743 P.2d at 621. Imposition of sanctions is a matter best left to the sound discretion of the district court. Such discretion

allows the court to consider the reason why disclosure was not made, whether the noncompliance was willful, the amount of prejudice to the opposing party, and any other relevant circumstances. *Waters,* 228 Mont. at 495, 743 P.2d at 621. In the instant case the record establishes that noncompliance was not willful and no prejudice resulted. Golder cites no authority counter to the standard of review applied in *Waters*, and this Court adheres firmly to the precedent set forth therein.

¶12 Finally, even if the District Court or this Court were to impose sanctions in the instant case, the sanctions available to all courts in Montana are consistent with what actually transpired in this matter. The most severe sanctions are reserved for instances where a party has truly been surprised, in which case a mistrial could be declared. That is not the case here. Less severe sanctions include ordering the disclosure of the information not previously disclosed. Here, the District Court ordered disclosure of the materials requested, and the order was ultimately complied with. Nowhere in the statute does it state that sanctions in such instances are mandatory.

¶13 Established precedent and statutory language both support the discretion of Montana courts to refuse to impose sanctions for discovery violations where there is no prejudice or undue surprise. We conclude the District Court did not abuse its discretion in declining to suppress the testimony of the Knapps and that there was no prejudice or undue surprise as a result.

¶14 Affirmed.

/S/ J. A. TURNAGE

We concur:

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER