No.   95-069

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

STATE OF MONTANA,

     Plaintiff and Respondent,

v.

DANIEL GEORGE SWAN,

     Defendant and Appellant.

FILED

NOV 26 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eighth Judicial District,
               In and for the County of Cascade,
               The Honorable John McCarvel, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          John Keith, Attorney at Law,
          Great Falls, Montana

     For Respondent:

          Hon. Joseph P. Mazurek, Attorney General,
          Elizabeth L. Griffing, Assistant Attorney
          General, Helena, Montana

          Brant Light, Cascade County Attorney,
          Great Falls, Montana

Submitted on Briefs:   August 29, 1996

Decided:   November 26, 1996

Filed:

Clerk

Justice Charles E. Erdmann delivered the opinion of the Court.

Daniel George Swan appeals from the judgment and conviction, and order denying his motion for a new trial by the Eighth Judicial District Court, Cascade County. After a jury trial, Swan was convicted of felony aggravated assault pursuant to § 45-5-202(1), MCA. We affirm.

The issues on appeal are as follows:

1. Did the District Court err in instructing the jury as to the lesser included offenses?

2. Was Swan deprived of his right to be present during all critical stages of the proceeding when he was not present at an in camera hearing?

3. Did the District Court err when it joined the felony assault charge and the felony aggravated assault charge?

4. Did the District Court err in denying Swan's motion for a new trial based on his claim of ineffective assistance of counsel?

## FACTS

On July 12, 1993, Swan was charged with felony assault arising out of a fight between he and Ralph Toulouse, a/k/a Ralph Whitney, at the home of Lindsey Martin. Later that year, on September 8, 1993, Swan was an inmate at the Cascade County Jail when Toulouse was placed in the same cell as Swan. Swan and Toulouse fought in jail that night and as a result of this fight Toulouse was severely injured on his face and head. Toulouse's right eyelid was

2

lacerated and his right tear duct was severed, resulting in a permanent injury. Toulouse also suffered a broken nose, broken facial bones, broken teeth, and his head was severely swollen. Swan did not suffer any injuries which required medical attention. As a result of this fight, Swan was charged with aggravated assault, a felony, pursuant to § 45-5-202(1), MCA.

The felony assault charge and the felony aggravated assault charge were consolidated. At trial Swan was represented by H. William Coder. Swan was acquitted of the felony assault but was found guilty of the aggravated assault. Swan filed a motion for a new trial on February 22, 1994, alleging that the jury had been improperly instructed regarding application of the assault as a lesser included offense, that the two cases were improperly joined, and that Coder had provided ineffective assistance. A hearing was held and the District Court denied the motion for new trial. Swan appeals from the judgment and conviction and the denial of the motion for new trial.

ISSUE 1

Did the District Court err in instructing the jury as to the lesser included offenses?

The standard of review of jury instructions in a criminal case is whether the instructions, as a whole, fully and fairly instruct the jury on the law applicable to the case. State v. Brandon (1994), 264 Mont. 231, 237, 870 P.2d 734, 737.

3

Swan argues that the District Court erred in its instructions because there was no instruction similar to 1-011, MCJI, defining lesser included offense or advising the jury how to proceed in determining whether to consider a lesser included offense. Swan, however, did not offer an instruction regarding lesser included offense at the time of settling the instructions. We have previously stated that this Court will not predicate error upon the failure to give an instruction when the party alleging the error failed to offer the instruction. State v. Courchene (1992), 256 Mont. 381, 847 P.2d 271; State v. Evans (1991), 247 Mont. 218, 806 P.2d 512. Swan not only failed to make a timely objection to the instructions, he expressly agreed to the instructions that were given. He cannot now directly raise this issue on appeal. Section 46-20-104, MCA.

## ISSUE 2

Was Swan deprived of his right to be present during all critical stages of the proceeding when he was not present at an in camera hearing?

Swan argues that his constitutional and statutory right to be present at every stage of his trial was infringed when he was not present during an in camera discussion of a note from the jury. The jury sent a note to the District Court Judge inquiring whether the assault instruction applied to the felony aggravated assault as well as the felony assault. Both counsel were present for the

4

discussion of the note. Neither counsel objected to the court's answer.

Swan did not make an objection at the time the note was discussed nor did he raise this objection in his motion for new trial. Section 46-20-104, MCA, provides that failure to make a timely objection constitutes waiver of the objection except as provided in § 46-20-701(2), MCA. The exceptions found in § 46-20-701(2), MCA, do not apply in this situation. We therefore decline to address this issue raised for the first time on appeal.

ISSUE 3

Did the District Court err when it joined the felony assault charge and the felony aggravated assault charge?

The State filed a _Just_ notice in the aggravated assault case, giving notice of its intent to introduce evidence of the earlier fight. At the hearing on the _Just_ notice, an oral motion was made by Coder to continue the felony aggravated assault trial until after the felony assault trial. State v. Just (1979), 184 Mont. 262, 602 P.2d 957. The parties also discussed the possibility of consolidating the cases. There is no record of the oral motion for consolidation by Coder; however, the District Court's order granting consolidation specifically provides that Coder, with Swan's consent, requested and agreed to consolidating the two cases.

Swan's objection to the consolidation is untimely and we decline to address the objection except in regard to his assertion

5

that Coder's performance was deficient when moving for and agreeing to such joinder, which is discussed in Issue 4.

ISSUE 4

Did the District Court err in denying Swan's motion for a new trial based on his claim of ineffective assistance of counsel?

Swan's motion for new trial also sought to reverse the judgment on the grounds of ineffective assistance of counsel. Swan asserts that the court abused its discretion in denying his motion for new trial because of alleged errors committed by Coder in regard to the instruction of the jury, the failure to have Swan present during all critical stages of the trial, the joinder of the charges, and on the basis that Coder misrepresented his experience when he stated that he had previously participated in a felony trial.

We review a district court's decision to grant or deny a motion for new trial to determine whether the court abused its discretion. State v. Hatfield (1995), 269 Mont. 307, 888 P.2d 899; State v. Mummey (1994), 264 Mont. 272, 871 P.2d 868. This Court applies the two-part test from Strickland v. Washington (1984), 466 U.S. 668, to evaluate claims of ineffective assistance of counsel. First, Swan must establish that Coder's performance was deficient in that counsel did not act within the range of competence demanded of attorneys in criminal cases. Strickland, 466 U.S. at 687; State v. Baker (1995), 272 Mont. 273, 901 P.2d 54. In making this determination, judicial scrutiny of counsel's actions is highly

6

deferential and counsel's performance is strongly presumed to fall within a wide range of reasonable professional assistance. Kills on Top v. State (1995), 273 Mont. 32, 901 P.2d 1368. Second, Swan must establish that he was prejudiced by his counsel's performance, and that "but for" Coder's performance the result of the trial would have been different. Strickland, 466 U.S. at 687. Swan therefore must establish both deficient performance and prejudice to prevail on a claim of ineffective assistance of counsel. Furthermore, this Court will not second-guess trial tactics and strategy. Baker, 901 P.2d at 59.

Swan first argues that Coder's performance was deficient because he failed to request an instruction describing how the lesser included offense of assault should have been considered by the jury in regard to the aggravated assault charge. Section 46-16-607(2), MCA, requires that a lesser included offense instruction must be given when there is a proper request by one of the parties and when, based on the evidence, the jury could be warranted in finding the defendant guilty of a lesser included offense. We have previously held that a lesser included offense instruction is not required if it is not supported by the evidence. State v. Kills on Top (1990), 241 Mont. 378, 394, 787 P.2d 336, 346.

Coder testified at the hearing on Swan's motion for new trial that he did not believe there was "any evidence to support" a lesser included offense instruction for the aggravated assault

7

charge. Coder explained that "simply by virtue of the fact that those [Toulouse's] injuries were so serious and they were permanent." Although Toulouse did not testify as to his injuries, the record supports Coder's assessment of these injuries.

Aggravated assault pursuant to § 45-5-202(1), MCA, is committed if the defendant purposely or knowingly causes serious bodily injury to another. The jury was instructed that "serious bodily injury" is "bodily injury which creates a substantial risk of death or which causes serious permanent disfigurement or protracted loss or impairment of the function or process of any bodily member or organ." Section 45-2-101(64), MCA. Expert medical testimony is not required to prove the permanency of an injury where the permanency is undisputed and apparent from the nature of the injury itself. State v. Bower (1992), 254 Mont. 1, 10, 833 P.2d 1106, 1112.

The injuries inflicted by Swan on Toulouse were uncontested. The permanency of these injuries was uncontroverted. Lindsey Martin testified to the scarring on Toulouse's face, the continuous tearing of the eye, and the sagging of his eye. Coder properly interpreted the law in determining that there was not evidence to support a jury finding of the lesser included offense of assault as it applied to the aggravated assault charge. We have previously held that a defense counsel's performance is not deficient as a matter of law where counsel properly interprets the law. Brown v. State (Mont. 1996), 922 P.2d 1146, 1152, 53 St. Rep. 692, 696.

8

Swan's argument that Coder's performance was deficient when he did not request the lesser included offense instruction for the aggravated assault charge fails the first part of the Strickland test, as counsel's performance was within the range of competence demanded of attorneys in criminal cases and therefore we need not address the second prong of the test.

Swan next asserts that Coder's failure to have Swan present when the jury sent a note to the District Court Judge asking if the simple assault applied to both cases was in violation of his Sixth Amendment rights under the United States Constitution to be present at every stage of his trial, and also a violation of § 46-16-121, MCA. Swan, however, was present at all stages of the trial where his presence was essential to a fair and just determination of a substantive issue. See State v. Hart (1981), 191 Mont. 375, 625 P.2d 21; State v. Schenk (1968), 151 Mont. 493, 444 P.2d 861.

The District Court specifically found that the note from the jury on whether assault could be considered in both cases did not indicate confusion, but rather demonstrated that the jury knew "what to do with it and only wanted to know if it applied to both offenses." The absence of Swan from the discussion of the legal question by the jury was not injurious to his right of due process or his right of confrontation. Furthermore, in order to fulfill the Strickland two-part test Swan is required to show that but for counsel's performance the outcome would have been different. Swan has made no showing that the jury did not fully understand the

9

operation of the lesser included offenses when it sent the inquiry to the court, and he also has made no showing that if the jury had formally been given the lesser included offense instruction the outcome would have been different. Coder's performance was not deficient in this area.

Swan's third assertion is that Coder was ineffective in allowing the cases to be joined. At the hearing on the motion for new trial, Coder testified that he wanted the cases consolidated for strategic reasons. Coder testified he believed that evidence of the earlier fight would support Swan's self-defense argument and would show that Toulouse held a grudge against Swan and that many of the same witnesses would be called to testify. Coder also testified Swan had agreed to the consolidation.

Swan, however, asserts there were no common witnesses necessary for both cases, as the victim did not testify. He argues that the State was simply trying to avoid the necessity of complying with the Just notice rule requirements by having the matters consolidated.

We have previously held that questions of the propriety of the joinder of offenses in a single trial are subject to an abuse of discretion standard. State v. Slice (1988), 231 Mont. 448, 753 P.2d 1309. This Court has frequently stated that it will not second-guess trial tactics or strategy of defense counsel. Brown, 922 P.2d at 1148. Coder testified that he made a tactical decision to allow the cases to be tried at the same time because it would

10

allow "an excellent claim for self defense." Furthermore, Swan agreed to the consolidation. Under <u>Strickland</u>, Coder is entitled to rely upon his client's representations and decisions. <u>Strickland</u>, 466 U.S. at 691. We therefore hold that Swan's allegations of ineffective assistance of counsel by allowing joinder of the two cases must fail.

Swan's final assertion under his theory of ineffective assistance of counsel is that Coder misrepresented his experience when he stated that he had had a felony trial in Glasgow. This argument fails to address the merits of Coder's representation and does not reflect upon Coder's performance. We thus decline to address this argument as we have determined that the District Court did not abuse its discretion in denying Swan's motion for new trial on the basis that Coder's representation of Swan was deficient.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices