CHIEF JUSTICE TURNAGE
delivered the Opinion of the Court.
In proceedings before the Twentieth Judicial District Court, Lake County, Gordon D. Sellner was charged with attempted deliberate homicide and criminal endangerment. A jury found him guilty of attempted deliberate homicide, and he appeals. We affirm.
Sellner argues that his trial counsel failed to request jury instructions on attempted mitigated deliberate homicide and aggravated assault as lesser included offenses, thus violating Sellner’s right to effective assistance of counsel.
BACKGROUND
On the evening of June 27,1992, a Lake County, Montana, resident called the local sheriff’s office to report that he had been assaulted at his home. He identified John Dorin as his assailant. Missoula County Deputy Sheriff Robert Parcell was the closest officer to the scene and the first to respond to the call.
Parcell drove first to Dorin’s home and spoke with him. Dorin maintained that he had been working at Sellner’s sawmill that day and denied assaulting the victim. Parcell then went to the victim’s home, where the victim continued to maintain that it was Dorin who had assaulted him and identified Sellner as a witness. He also told Parcell that the assault had ended after his dog bit Dorin on the face. Two other law enforcement officers, also responding to the victim’s phone call, arrived at the victim’s house. The three officers returned to Dorin’s home. After questioning him further and noting a wound on his cheek consistent with a dog bite, they arrested him. They then went to Sellner’s house to get a statement from him.
Parcell did not know at that time that Sellner had not paid federal income taxes for nearly twenty years as a protest against abortion *399 rights, or that Sellner did not have a driver’s license because he believed that he had the right to refuse to enter such contracts with the government. As a result of the positions he had taken on those and other matters, Sellner avoided contact with law enforcement.
Sellner was not home, but his wifeTold Parcell where he had gone and with whom. Because it was getting late and it was a stormy night, Parcell and the other officers decided to wait until morning to find Sellner and interview him. As they drove away, they saw the vehicle in which they believed Sellner was riding, on the road heading toward Sellner’s home. Activating his overhead lights, Parcell pulled the car over. Sellner, who was a passenger in the vehicle, jumped out of the car and fled into the woods. Parcell got out of his vehicle and shouted for Sellner to stop. On his way into the woods, Sellner turned and shot Parcell in the chest with the .41 caliber handgun which he carried with him. A brief exchange of gun fire ensued between Sellner and Parcell, ending when Sellner fired into the air before taking off through the woods toward his home.
Because Parcell was wearing a bulletproof vest, he survived the shooting. The force of the bullet created a gaping wound in his chest, however, and he was transported to the nearest hospital.
For over three years, Sellner remained at large but under surveillance. He was finally arrested in a July 1995 undercover operation at his home. During surveillance of Sellner just before his arrest, he fired a gun into the woods where law enforcement officers were stationed. That incident was the basis for the criminal endangerment charge of which the jury acquitted him.
Before trial, Sellner was referred by the court for a psychological evaluation at the Montana State Hospital. It was the opinion of the professionals at the State Hospital that Sellner did not suffer from a mental disease or defect and that he retained the ability to act with knowledge and purpose at the time of the charged conduct. Their report concluded that when Sellner shot Parcell “he felt under extreme stress and may have acted with poor judgment for that reason.” However, the fearful state of mind Sellner reported when he shot Parcell was “not the result of mental disease or defect but is better understood in the context of his political/religious environment.”
Sellner’s trial lasted a full week. He testified on his own behalf that he shot Parcell after he heard a voice in his head say, “He’s got his flack jacket on. Shoot him in the chest and you won’t hurt him.” As noted above, the jury found him not guilty of criminal endangerment but guilty of attempted deliberate homicide. Stating its intent “to *400 provide the maximum protection for the peace officers of this State,” the court sentenced Sellner to life in prison plus ten years for use of a dangerous weapon.
Discussion
Did Sellner’s trial counsel fail to request jury instructions on attempted mitigated deliberate homicide and aggravated assault as lesser included offenses, thus violating Sellner’s right to effective assistance of counsel?
Claims of ineffective assistance of counsel are analyzed under the two-part test set forth in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. To prove ineffective assistance of counsel, the defendant must first establish that his counsel’s performance was not within the range of competence demanded of attorneys under similar circumstances. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064. Second, the defendant must show that but for the inadequate performance of his counsel, the result would have been different. Strickland, 466 U.S. at 694, 104 S.Ct. at 2068.
Sellner cites § 46-16-607, MCA, which provides:
(1) The defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included in the offense charged.
(2) A lesser included offense instruction must be given when there is a proper request by one of the parties and the jury, based on the evidence, could be warranted in finding the defendant guilty of a lesser included offense.
(3) When a lesser included offense instruction is given, the court shall instruct the jury that it must reach a verdict on the crime charged before it may proceed to a lesser included offense. Upon request of the defendant at the settling of instructions, the court shall instruct the jury that it may consider the lesser included offense if it is unable after reasonable effort to reach a verdict on the greater offense.
Sellner contends that his trial counsel rendered ineffective assistance of counsel in failing to request jury instructions on aggravated assault and attempted mitigated deliberate homicide as lesser included offenses to attempted deliberate homicide.
Notwithstanding Sellner’s argument on appeal, the record demonstrates that Sellner’s trial counsel did request and offer instructions *401 on attempted mitigated deliberate homicide, without objection by the State. The court gave the defense’s offered instructions on this subject as Jury Instruction Numbers 9, 10, and 11. Sellner’s argument that his trial counsel failed to offer jury instructions on attempted mitigated deliberate homicide is therefore completely baseless.
Attempted deliberate homicide requires proof that the defendant had the purpose to cause the death of another human being and acted toward purposely or knowingly causing the death of another human being. Sections 45-4-103 and 45-5-102, MCA. “Purposely” means it was the defendant’s conscious object to engage in that conduct or to cause that result. Section 45-2-101(63), MCA. A person acts knowingly with respect to a given result when the person is aware of a high probability that the result will be caused by the person’s conduct. Section 45-2-101(34), MCA.
Aggravated assault is defined at § 45-5-202(a), MCA: “A person commits the offense of aggravated assault if the person purposely or knowingly causes serious bodily injury to another.”
Sellner points out that in State v. Swan (1996), 279 Mont. 483, 928 P.2d 933, this Court interpreted § 46-16-607, MCA, to require any lesser included offense instruction to be supported by the evidence introduced at trial. He argues that the evidence in this case warranted and supported a lesser included offense instruction on aggravated assault.
In Swan, this Court ruled that there was no proof that the performance of defendant’s counsel was deficient when counsel did not request a lesser included offense instruction on simple assault in a case in which the charge was aggravated assault. Swan, 928 P.2d at 937. We noted that the permanent injuries inflicted on the victim, including scarring on his face, continuous tearing of one eye, and sagging of the eye, were uncontested. We stated that defense counsel “properly interpreted the law in determining that there was not evidence to support a jury finding of the lesser included offense of assault.” Swan, 928 P.2d at 937.
After briefing for this appeal was completed, this Court issued its opinion in State v. Castle (1997), [285 Mont. 363], 948 P.2d 688. In Castle, the Court held that assault is a lesser included offense of deliberate homicide, but that an instruction on assault must be given only when there is a basis from which a jury could rationally conclude that the defendant is guilty of the lesser, but not the greater, offense. Castle, 948 P.2d 690. In Castle, there was evidence that injuries inflicted by other persons, not the defendant, caused the victim’s *402 death, although it was conceded that Castle caused some injuries to the victim.
In the present case, the evidence introduced at trial would not have supported the giving of an instruction on aggravated assault. Unlike the defendant in Castle, Sellner unequivocally admitted that he, not any other persons, caused the injuries to the victim. Sellner testified that when he saw the flashing lights on the three vehicles, he figured they were a hit team hired by the government to “wipe me out,” although his brother-in-law, who was driving, speculated aloud that perhaps they were being pulled over because he had been speeding. Sellner admitted that he fired the first shot, believing that he was in a life-and-death situation. Sellner testified that he was lying on the ground as he shot at the silhouette of the officer who got out of the car, and that each time the officer (Parcell) fired back at him, he shot again, aiming for the chest.
The physician who treated Parcell in the emergency room testified that had Parcell not been wearing a bulletproof vest, there was a significant risk that the large-caliber gunshot wound to his chest would have resulted in his death. Because Parcell was more than thirty miles from the nearest hospital when he was shot, the doctor testified, the bullet would have been lethal if Parcell had not been wearing the bulletproof vest. A forensics examiner testified that the bullet lodged in Parcell’s bulletproof vest was a .41 magnum soft-point bullet and that the purpose of the soft point is to cause more destruction.
The evidence demonstrated that Sellner, a veteran of the Korean Conflict, was experienced with weapons and could be expected to realize the effect of shooting a person in the chest with a .41 magnum soft-point bullet. From the evidence presented at trial, it would be irrational to conclude that Sellner’s shooting of Parcell in the chest with a large caliber soft-point bullet was done with any intent other than to cause a person’s death. Notwithstanding the argument of the dissent, Sellner’s statement that a voice told him he would not hurt Parcell if he shot him in the chest would not have supported a conviction of aggravated assault — if anything, it would have supported an acquittal. We conclude that no jury rationally could have found Sellner guilty of aggravated assault but not guilty of attempted deliberate homicide.
Counsel is not constitutionally required to present an argument which is contrary to the law and which would have been properly overruled. State v. Hildreth (1994), 267 Mont. 423, 884 P.2d 771. Because Sellner has failed to demonstrate that the evidence would *403 have supported the giving of an aggravated assault instruction, he has not established that his counsel’s performance was outside the range of competence demanded of attorneys under similar circumstances. Therefore, we need not reach the second prong of the Strickland test, and Sellner’s claim of ineffective assistance of counsel fails.
Affirmed.
JUSTICES TRIEWEILER, REGNIER and LEAPHART concur.