No. 99-470

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 156

STATE OF MONTANA,

Plaintiff and Respondent,

v.

BRYAN LEE GERMAN,

Defendant and Appellant.

APPEAL FROM: District Court of the Sixteenth Judicial District,

In and for the County of Custer,

The Honorable Gary Day, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Gary E. Wilcox, Attorney at Law, Billings, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Jim Wheelis, Assistant

Attorney General, Helena, Montana

Colleen I. Magera, Custer County Attorney, Miles City, Montana

Submitted on Briefs: November 30, 2000
Decided: August 14, 2001

Filed:

_____

Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Bryan Lee German appeals from the judgment entered against him by the Sixteenth Judicial District Court, Custer County, on a jury verdict finding him guilty of attempted felony assault and deliberate homicide. We affirm.

¶2 The issue is whether the District Court abused its discretion in refusing to instruct the jury on the lesser-included offense of negligent homicide.

¶3 Early on the morning of June 12, 1998, Willie Gonzales followed German home from work after both young men got off their night shift jobs at the Wal-Mart store in Miles City, Montana. German parked his car outside the trailer where he lived with his common law wife and infant son. Gonzales stopped his car behind German's car. German then went into the trailer, grabbed his sawed-off shotgun, and went back outside. Walking up to the driver's side of Gonzales' car, he shot Gonzales twice at close range. German returned to the trailer, called 911 on the telephone and reported that he had shot someone. The 911 operator could hear German's wife in the background crying and asking, "Why, Bryan, why?"

¶4 When Miles City police officers arrived, they found German outside the trailer waiting for them, as the 911 operator had instructed. Gonzales was slumped over in the front seat of his car, dead from two shotgun blasts to the chest.

¶5 As a result of these events, the State of Montana filed a 3-count information against German. Count 1 charged German with attempted felony assault for pointing a firearm at Gonzales, and Count 2 charged deliberate homicide under the felony murder rule on the basis that German killed Gonzales during the attempted commission of a felony assault. Count 3, an alternative deliberate homicide charge, alleged that German purposely or knowingly killed Gonzales with a firearm.

¶6 German's defense at trial was that he was frightened of Gonzales and shot him only out of fear for himself and his family. A dispute had simmered between the two for several months, since Gonzales gave German $200 to get him some marijuana and the substance German delivered was not, in fact, marijuana. After that time, Gonzales had periodically demanded his money back from German. German did not return the money, telling Gonzales he had been a mere intermediary in the deal and did not have the money to return to Gonzales.

¶7 At trial, the District Court instructed the jury on German's defense of justifiable use of force. The court also gave a mitigated deliberate homicide instruction proposed by the defense as a lesser-included offense under Count 3. However, the court refused German's proposed instruction on the lesser-included offense of negligent homicide, ruling there was no evidence to support the instruction.

¶8 The jury found German guilty of attempted felony assault under Count 1 and deliberate homicide under Count 2, the felony murder rule. The District Court sentenced German to 10 years in prison on Count 1 and 75 years in prison on Count 2, to run concurrently, and entered judgment. German appeals.

¶9 Did the District Court abuse its discretion in refusing to instruct the jury on the lesser-included offense of negligent homicide?

¶10 This Court reviews jury instructions in a criminal case to determine whether the instructions, as a whole, fully and fairly instruct the jury on the applicable law. *State v. Hall*, 1999 MT 297, ¶ 39; 297 Mont. 111, ¶ 39; 991 P.2d 929, ¶ 39 (citation omitted). District courts have broad discretion in formulating jury instructions and our standard of review is whether the court abused that discretion. *State v. Beavers*, 1999 MT 260, ¶ 20, 296 Mont. 340, ¶ 20, 987 P.2d 371, ¶ 20 (citations omitted). A trial court has authority to reject proposed instructions which are not supported by the evidence. Whether there is sufficient evidence to raise an issue of fact is a question of law for the court and not one of fact. *Fed. Land Bank of Spokane v. Snider* (1991), 247 Mont. 508, 513, 808 P.2d 475, 478 (citations omitted).

¶11 A lesser-included offense instruction must be given when properly requested and when, based on the evidence, the jury could be warranted in finding the defendant guilty of the lesser-included offense. Section 46-16-607(2), MCA. However, a trial court need not give an instruction on a lesser-included offense when there is no evidence to support it.

*State v. Swan* (1996), 279 Mont. 483, 488, 928 P.2d 933, 936 (citation omitted). A lesser-included offense instruction is not supported by the evidence when the defendant's evidence or theory, if believed, would require an acquittal. *State v. Martinez*, 1998 MT 265, ¶ 10, 291 Mont. 306, ¶ 10, 968 P.2d 705, ¶ 10.

¶12 In the present case, German requested a lesser-included offense instruction on negligent homicide. He proposed the jury be instructed that "[a] person commits the offense of negligent homicide if he negligently causes the death of a human being." The parties do not address whether negligent homicide is a lesser-included offense of deliberate homicide under §§ 46-16-607(1) and 46-1-202(8), MCA. Nor need we address that question, because we conclude no evidence supports the requested instruction.

¶13 German testified on his own behalf at trial. During cross-examination, he described his mental state when he shot Gonzales:

> Q. Well, I guess the question here is: Did you accidentally shoot Willie Gonzales twice or did you consciously shoot him while defending yourself?
>
> A. I guess you would have to say if you were reacting to stimulus that you are consciously making a decision.
>
> Q. Yes or no? Do you know? Can you answer it?
>
> A: I would have to say, yes. I was consciously making the decision, I guess.
>
> Q: Nothing negligent and reckless about what you did? You made a call, right?
>
> A: Yes. At the time that I did it.

The above testimony clearly does not support a negligent homicide instruction. German's testimony was that he consciously made a decision to shoot Gonzales.

¶14 German also presented evidence at trial about the prevalent drug culture in Lakewood, Washington, where he spent his formative years. He asserts he should have been entitled to argue, based on that evidence, that he was merely negligent in placing himself into a volatile situation with Gonzales and shooting him. He also asserts he should have been entitled to argue that his actions due to his fears for himself and his family were so unreasonable as to constitute, in themselves, negligence.

¶15 The State contends this is a new argument on appeal. However, the record establishes that German raised it below. During the settling of jury instructions, German's counsel said:

> On that vein, Your Honor, I should have put it in before, I do believe there is evidence to support the Negligent Homicide Instruction. And that evidence, essentially, once again, is the same evidence that my client's fear, his apprehension of harm to himself or his family, his concern that there was a firearm in [Gonzales'] vehicle, his acting upon that fear, placing himself in a volatile situation with a firearm and death resulted.

Therefore, we reject the State's argument and turn to German's assertion of error.

¶16 In support of his theory that the evidence of the drug culture in which he spent his formative years supports his proposed instruction on negligent homicide, German relies on *State v. Stroud* (1984), 210 Mont. 58, 683 P.2d 459, and *State v. Hubbard* (1982), 200 Mont. 106, 649 P.2d 1331, in which he says we gave some "consideration" to the theory he advances here. German's reliance on *Stroud* and *Hubbard* is misplaced.

¶17 A jury acquitted the defendant in *Stroud* of deliberate homicide and mitigated deliberate homicide, but convicted him of negligent homicide under an instruction he submitted. This Court affirmed the negligent homicide conviction. German points out that the prosecution in the present case has referred to his actions as "not reasonable," similar to our characterization of the defendant's actions in *Stroud*. However, the jury in *Stroud* was instructed on negligent homicide because there was evidence that Stroud did not deliberately shoot the victim. According to that evidence, the gun went off during a struggle. *Stroud*, 210 Mont. at 65, 683 P.2d at 463. In the present case, the evidence is that German consciously decided to shoot Gonzales. There is simply no evidence here to support the giving of a negligent homicide instruction.

¶18 In *Hubbard*, the defendant pled guilty to negligent homicide after an early morning shootout in which two men were killed. The issues on appeal related to the propriety of applying the weapon enhancement statute to increase the sentence for use of a weapon. German quotes our statement in *Hubbard*, 200 Mont. at 112, 683 P.2d at 1334, that "[a] person can knowingly use a firearm and still be negligent by grossly deviating from the conduct of a reasonable person in a similar situation with regard to the results of his

actions." The statement is correct, but German has taken it out of the *Hubbard* context where the original charge--and the charge to which the defendant pled guilty--was negligent homicide. *Hubbard*, 210 Mont. at 108, 683 P.2d at 1332. Unlike the present case, *Hubbard* did not present a lesser-included offense instruction issue focusing on whether evidence supported giving such an instruction. Also unlike the present case, *Hubbard* did not involve testimony by the defendant that he consciously made a decision to shoot the victim.

¶19 Finally, German contends that *Martinez* effectively overruled *Stroud*, *Hubbard* and a "long line" of cases which entitle a defendant to a lesser-included offense instruction and allows district courts to usurp the jury's function. We disagree.

¶20 In *Martinez*, the victim testified that the defendant--a "friend" of his--shot at another fellow and then pointed a gun at him during a shootout. *Martinez*, ¶ 11. This testimony supported a felony assault charge against the defendant. The defense established inconsistencies in the victim's testimony, argued that the defendant's use of force was justifiable, and offered a lesser-included offense instruction on misdemeanor assault. The district court refused the instruction and we agreed. A defendant's justifiable use of force defense precludes a lesser-included offense instruction because the defense essentially admits the elements of the charged offense, including mental state. If proven, the defense requires an acquittal. *Martinez*, ¶ 15. Applied to the present case, German's justifiable use of force defense to the charges against him, if proven, would have required an acquittal.

¶21 *Martinez* neither overruled nor is inconsistent with our cases entitling a defendant to a lesser-included offense instruction when evidence supports the instruction. Like the present case, *Martinez* involved the justifiable use of force defense which admits the elements of the charged offense but asserts the defendant's acts were justified. Moreover, both defendants offered evidence in support of their justification defenses and the trial courts instructed accordingly. Had the jury determined the defense was proven in either case, the defendant would have been entitled to an acquittal. *See Martinez*, ¶ 10 (citations omitted). As a matter of logic and, under *Martinez*, as a matter of law, a defendant's evidence and theory which, if believed, would require an acquittal of a "greater" offense cannot--at the same time--support a conviction on a lesser offense. *See Martinez*, ¶ 10 (citations omitted).

¶22 German also is incorrect in contending that *Martinez* allows a district court to usurp the jury's function by factually deciding the merits of the lesser-included offense. In both

civil and criminal proceedings, the determination of whether there is sufficient evidence to raise an issue of fact for a jury is a question of law for a trial court. *See, e.g., Fed. Land Bank*, 247 Mont. at 513, 808 P.2d at 478 (citations omitted); § 46-16-403, MCA; *Swan*, 279 Mont. at 488, 928 P.2d at 936 (citations omitted). Only when a trial court has determined, as a matter of law, that factual disputes exist are such disputes turned over to a jury to resolve.

¶23 Here, we conclude the District Court correctly determined that no evidence supported German's offered instruction on the lesser-included offense of negligent homicide. Nor has German established any error under the legal precedents on which he relies.

¶24 We hold, therefore, that the District Court did not abuse its discretion in refusing German's offered instruction on the lesser-included offense of negligent homicide.

¶25 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON

/S/ TERRY N. TRIEWEILER

/S/ W. WILLIAM LEAPHART

/S/ JIM REGNIER