No. DA 06-0184

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 157N

STATE OF MONTANA,

        Plaintiff and Respondent,

    v.

DARRYL A. ROMERO,

        Defendant and Appellant.

APPEAL FROM:    The District Court of the Twelfth Judicial District,
In and For the County of Hill, Cause No. DC 2005-007,
Honorable David G. Rice, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Randy H. Randolph, Attorney at Law, Havre, Montana

        For Respondent:

            Hon. Mike McGrath, Montana Attorney General, Pamela Bucy,
Assistant Attorney General, Helena, Montana

            Cyndee L. Peterson, Hill County Attorney, Gina Bishop,
Deputy County Attorney, Havre, Montana

Submitted on Briefs:  January 24, 2007

Decided:    June 26, 2007

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 In June 2005 David Romero (Romero) was found guilty by jury verdict of felony aggravated burglary, felony assault with a weapon and misdemeanor resisting arrest. Romero offered a jury instruction of trespass to property as a lesser included offense of aggravated burglary. The Twelfth Judicial District Court, Hill County, refused the proposed "trespass" instruction and instructed the jury on aggravated burglary as well as the other charges. Romero appeals. We affirm.

## ISSUE

¶3 Did the District Court err by refusing Romero's proposed jury instruction on trespass to property as a lesser included offense of aggravated burglary?

## STANDARD OF REVIEW

¶4 We review jury instructions in a criminal case to determine whether the instructions, as a whole, fully and fairly instruct the jury on the law applicable to the case. Further, we recognize that a district court has broad discretion when it instructs a jury, and we therefore review a district court's decision regarding jury instructions to

2

determine whether the court abused that discretion. *State v. German,* 2001 MT 156, ¶ 10, 306 Mont. 92, ¶ 10, 30 P.3d 360, ¶ 10 (citations omitted).

## FACTUAL AND PROCEDURAL BACKGROUND

¶5     On January 24, 2005, Romero was charged by information with felony aggravated burglary, felony assault with a weapon and misdemeanor resisting arrest. Trial was scheduled for June 13, 2005. On June 10, 2005, Romero filed proposed jury instructions. Included in the proposed instructions was an instruction on trespass to property as a lesser included offense of felony aggravated burglary. At the conclusion of the evidentiary portion of the trial, Romero reiterated his request for the "trespass" instruction. The District Court denied the request stating that under the facts of this case, an instruction on trespass would be unnecessary. Romero did not object to the court's ruling. Moreover, after reviewing and discussing each jury instruction and determining which instructions to give to the jury, the court asked counsel for both Romero and the State if the agreed-upon instructions were satisfactory. Romero's counsel said "yes." The jury found Romero guilty of all charges and the District Court sentenced him in October 2005.

¶6     On appeal, Romero argues that the District Court, under *State v. Harvey*, 219 Mont. 402, 713 P.2d 517 (1986), was required to instruct the jury on every theory having support in the evidence and that the evidence presented supported the charge of the lesser included offense of trespass. The State responded that Romero did not object to the District Court's refusal to give the requested jury instruction; therefore, he did not preserve the issue for appeal. As we have said on numerous occasions, we will not put a district court in error for a ruling to which appellant made no objection. This Court will

3

not hold a district court in error when it has not been given an opportunity to correct itself. *State v. English*, 2006 MT 177, ¶ 71, 333 Mont. 23, ¶ 71, 140 P.3d 454, ¶ 71 (citation omitted). Romero's failure to object to the court's ruling and his acquiescence in the instructions as given precludes him from now obtaining relief on this basis on appeal.

¶7     We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the record before us that the jury was "fully and fairly" instructed, and that the District Court did not abuse its discretion in declining to include Romero's proposed jury instruction.

¶8     For the foregoing reasons, we affirm the judgment of the District Court.

/S/ PATRICIA COTTER

We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ BRIAN MORRIS