No. 98-496

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 282

296 Mont. 546

991 P.2d 428

---

STATE OF MONTANA,

Plaintiff and Respondent,

v.

DENNIS VERLE BERG,

Defendant and Appellant.

---

APPEAL FROM: District Court of the Tenth Judicial District,

In and for the County of Fergus,

The Honorable John R. Christensen, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Mariah Eastman, Eastman Law Office; Lewistown, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Tammy K. Plubell,

Assistant Attorney General; Helena, Montana

Thomas P. Meissner, Fergus County Attorney; Lewistown, Montana

---

Submitted on Briefs: August 12, 1999

Decided: November 23, 1999

Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

1. ¶ On September 2, 1997, by Information filed in the Tenth Judicial District Court in Fergus County, the Defendant, Dennis Berg, was charged with attempted sexual intercourse without consent in violation of §§ 45-4-103 and 45-5-503, MCA. By Amended Information on March 13, 1998, Berg was also charged with sexual intercourse without consent in violation of § 45-5-503, MCA. Berg pled not guilty to both offenses. Subsequently, a jury found Berg guilty of the offense of attempted sexual assault without consent. Berg appeals from the District Court's exclusion of his witnesses pursuant to § 46-15-329, MCA, for failure to disclose them and from the District Court's refusal to grant him a new trial based upon ineffective assistance of his counsel. We affirm the judgment of the District Court.
2. ¶ The following issues are presented on appeal:
3. ¶ 1. Does § 46-15-329, MCA, as applied in this case, violate Berg's right to due process?
4. ¶ 2. Did the District Court abuse its discretion when, as a sanction for failure to previously disclose witnesses, it precluded Berg from calling those witnesses at trial?

¶ 3. Did the District Court err when it found that Berg was not prejudiced by ineffective assistance of counsel and, therefore, was not entitled to a new trial?

## FACTUAL BACKGROUND

¶ On September 2, 1997, Dennis Berg was charged by Information with the felony offense of attempted sexual intercourse without consent in violation of §§ 45-4-103 and 45-5-503, MCA. On September 9, 1997, Berg pled not guilty to the offense. The State's Information included a list of its potential witnesses known at that time. The District Court held an Omnibus Hearing on October 14, 1997, at which time, the District Court granted Berg an additional 60 days to disclose his witness list.

¶ On March 13, 1998, three months after the date the District Court ordered Berg to provide his witness list, Berg filed his witness list with the District Court. Berg's witness list included the names of eight possible witnesses and included the language that "all witnesses named herein, including those previously endorsed on the Information . . . shall testify as fact witnesses and as character witnesses . . . ." On March 13, 1998, the State filed a motion to exclude Berg's witnesses based on the untimely disclosure of his witness list. The State also amended the Information to include the offense of sexual intercourse without consent in violation of § 45-5-503, MCA.

¶ On March 18, 1998, the District Court held a hearing to consider the State's motion to exclude Berg's witnesses. At the hearing, Berg's counsel assured the court that he only intended to call Mr. and Mrs. Kucera and Ms. Dirkson as impeachment witnesses. The District Court denied the State's motion based on Defendant's representations that he would only be calling the three impeachment witnesses. The court reserved the right to rule on any objections to Berg's other listed witnesses at the time of trial.

¶ A jury trial was held on March 25 and 26, 1998. After the State presented its evidence, Berg began his defense. Mark Kucera and Gina Dirkson were called as impeachment witnesses and testified for the defense. Counsel for Berg then attempted to call Jim Johnson as a defense witness. The State immediately objected to Jim Johnson as a witness, based on the untimely disclosure of Berg's witness list and Thompson's representations at the hearing on the State's motion to exclude Berg's witnesses. The District Court sustained the State's objection to Jim Johnson's testimony, based upon the fact that the witness had not been disclosed within 60 days pursuant to the Court's Omnibus Order and the witness was not mentioned by Thompson as a witness he intended to call at trial, during the hearing held on March

18, 1998. The District Court additionally held that the other three witnesses that Berg intended to call, Ronald Charlton, Connie Berg, and Ricky Charbonneau would not be allowed to testify for the same reasons. As a result, Berg presented no additional evidence. The jury found Berg guilty of attempted sexual intercourse without consent.

10. ¶ On April 27, 1998, Berg filed a pro se motion requesting that his counsel be excused, and for a new trial on the basis that he received ineffective assistance of counsel and that the court improperly prohibited his witnesses from testifying. In May 1998, Berg retained new counsel. On June 16, 1998, the District Court held a hearing on Berg's motion for a new trial. Berg's prior counsel testified at the hearing and explained to the court the reasons for his discovery noncompliance and informed the court what the witnesses he had wanted to call would have said. The District Court concluded that Thompson's failure to file a timely witness list, as required by Montana's discovery statutes, was ineffective. However, the District Court found that Berg failed to establish that he was prejudiced by his attorney's ineffective assistance and denied Berg a new trial on that basis. The District Court also rejected Berg's contention that he was entitled to a new trial because the court improperly excluded his witnesses. Berg appeals from the District Court's order denying him a new trial and from the District Court's exclusion order.

## STANDARD OF REVIEW

11. ¶ We review a district court's imposition of sanctions pursuant to § 46-15-329, MCA, for an abuse of discretion. *State v. Haskins* (1994), 269 Mont. 202, 207, 887 P.2d 1189, 1192. We review claims of ineffective assistance of counsel pursuant to the two-prong test set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674. *Bone v. State* (1997) 284 Mont. 293, 303, 944 P.2d 734, 740. We review a district court's decision to grant or deny a motion for new trial to determine whether the court abused its discretion. *State v. Swan* (1996), 279 Mont. 483, 487, 928 P.2d 933, 936.

## ISSUE 1

12. ¶ Does § 46-15-329, MCA, as applied in this case, violate Berg's right to due process?

13. ¶ Berg contends that § 46-15-329, MCA, violates both the United States and Montana Constitutions because it denies a defendant his right to defend and call

witnesses on his behalf. Section 46-15-329, MCA, provides:

If at any time during the course of the proceeding it is brought to the attention of the court that a party has failed to comply with any of the provisions of this part or any order issued pursuant to this part, the court may impose any sanction that it finds just under the circumstances, including but not limited to:

(1) ordering disclosure of the information not previously disclosed;

(2) granting a continuance;

(3) holding a witness, party, or counsel in contempt for an intentional violation;

(4) *precluding a party from calling a witness*, offering evidence, or raising a defense not disclosed; or

(5) declaring a mistrial when necessary to prevent a miscarriage of justice.

(Emphasis added.)

14. ¶ The State points out that Berg failed to challenge the constitutionality of § 46-15-329, MCA, in the District Court. Accordingly, the State concludes that Berg has waived this argument on appeal. In response, Berg cites *State v. Weaver*, 1998 MT 167, 290 Mont. 58, 964 P.2d 713, as authority for this Court to consider his argument based on plain error. In *Weaver* we held that this Court may discretionarily review claimed errors which implicate a criminal defendant's fundamental constitutional rights, even when no contemporaneous objection is made, if failing to review the claimed error may: (1) result in a manifest miscarriage of justice; (2) leave unsettled the question of the fundamental fairness of the trial or proceedings; or (3) compromise the integrity of the judicial process. *Weaver*, ¶ 25.

15. ¶ It is our policy that we will use our inherent power of common law plain error review sparingly on a case-by-case basis. *Weaver,* ¶ 25. We conclude that Berg's constitutional claim regarding § 46-15-329, MCA, does not satisfy any of the criteria set forth in *Weaver*. Consequently, we decline to invoke the common law doctrine of plain error and conclude that Berg has waived the right to have this Court consider his claim regarding the constitutionality of § 46-15-329, MCA.

# ISSUE 2

16. ¶ Did the District Court abuse its discretion when, as a sanction for failure to previously disclose witnesses, it precluded Berg from calling those witnesses at trial?

17. ¶ Berg asserts that because the purpose for Montana's pretrial discovery statutes is to ensure that neither side is taken by unfair surprise, and the District Court's exclusion of Berg's witnesses did not further that purpose, it was an abuse of discretion. Berg contends that there would have been no surprise to the State if he had called a witness that the State had endorsed as its own witness. Berg points out that in the State's Information dated September 2, 1997 and the State's Amended Information dated March 13, 1998, the State named the same witnesses that Berg intended to call. Thus, the State had knowledge of the identity of the witnesses Berg intended to call at least six months' prior to trial.

18. ¶ The State contends that Berg violated § 46-15-323, MCA, which provides:

(6) Within 30 days after the arraignment or at a later time as the court may for good cause permit, the defendant shall make available to the prosecutor

(a) the names, addresses, and statements of all persons, other than the defendant, whom the defendant may call as witnesses in the defense case in chief . . . .

The State argues that because of Berg's violation of § 46-15-323(6)(a), MCA, the District Court was warranted in sanctioning Berg pursuant to § 46-15-329, MCA.

19. ¶ The purpose of Montana's discovery scheme is to enhance the search for truth. *State v. Waters* (1987) 228 Mont. 490, 495, 743 P.2d 617, 620. In addition, we stated:

Consistent with th[at] goal, Section 46-15-329, MCA, provides a means of enforcing discovery orders. It endows the district courts with the flexibility to impose sanctions commensurate with the failure to comply with discovery orders. The statute does not mandate automatic exclusion for noncompliance.

By its terms, Section 46-15-329 provides that "the court may impose any sanction that it finds just under the circumstances."

. . . .

Such discretion allows the court to consider the reason why disclosure was not made, whether the noncompliance was willful, the amount of prejudice to the opposing party, and any other relevant circumstances.

*Waters*, 228 Mont. at 495, 743 P.2d at 621.

20. ¶ In this case, the District Court ruled on the exclusion of Berg's proffered witnesses during the trial and thus made no explicit findings as to the reasons for the severity of the sanction imposed against Berg. However, in its order denying Berg's motion for a new trial the District Court responded to Berg's assertion that the District Court erred when it excluded his fact witnesses as a sanction for his failure to previously disclose them. It stated:

It is alleged by previous counsel for the defendant that no witness list needed to be provided, as such witnesses were listed on the Information filed. The Court finds that the individuals contained in the Information do not constitute a witness list provided by the defendant within the meaning of Montana Code Annotated § 46-15-323(6). . . . The purpose of requiring the defendant to provide a witness list is to prevent surprise at trial. To allow the defendant to never present a witness list to the State and then call witnesses at trial just because such are named in the Information would be contrary to this purpose and in contravention of the statute cited.

21. ¶ We agree with the District Court that Berg's witness list was untimely. Nevertheless, we conclude that the District Court's imposition of the harshest sanction available in this case, the exclusion of Berg's witnesses, was an abuse of the District Court's discretion. Our review of the record indicates that Berg's failure to timely disclose witnesses was not willful and that the State would not have been unduly prejudiced or surprised by Berg's noncompliance, since the proffered witnesses were known to the State. We agree with the District Court that a sanction was appropriate, however we conclude that under these circumstances, a less severe sanction should have been imposed.

22. ¶ Berg asserts that because the District Court erred by excluding his witnesses, this Court should remand this cause for a new trial. However, § 46-20-701(1), MCA, provides that "[a] cause may not be reversed by reason of any error committed by the trial court against the convicted person unless the record shows that the error was prejudicial." *See State v. Maier*, MT 1999 51, 977 P.2d 298, 56 St.Rep. 208.

23. ¶ An extensive review of both the trial transcript and the transcript of the hearing on

Berg's motion for a new trial reveals that the exclusion of Berg's witnesses was not prejudicial. At the hearing on Berg's motion for a new trial, Berg's previous counsel testified that he believed Jim Johnson and Ronald Charlton to be the key witnesses in Berg's defense. He further testified that the substance of both Jim Johnson and Ronald Charlton's testimony would have been that they were both present at the house where the alleged incident took place, and that they did not see or hear anything suspicious.

24. ¶ At trial, Officer David Sanders, the investigating officer, testified on cross-examination regarding statements he had elicited from Jim Johnson and Ronald Charlton. It had been established through previous witness testimony that Jim Johnson was present in the house where the alleged act took place, and that he was sleeping in the basement at the time the alleged act took place. Officer Sanders testified that Jim Johnson told him that: "I don't think he had much to offer as far as any information. He hadn't seen anything, didn't hear anything." Officer Sanders also testified regarding the substance of the statement given to him by Ronald Charlton:

Q. Okay. How about Mr. Charlton?

A. Yes, I interviewed him.

Q. Okay. What did he tell you?

A. He didn't believe it happened.

. . . .

Q. Okay. Well, what did he tell you about his whereabouts and his perspective on which to view the scene of the allegation?

A. He was in the living room, and he was like in charge of the baby at this time, because A.[S.] [the alleged victim] and -- and Dennis [Berg] were having a cigarette, or he didn't know where they were. The baby started to stir, started to make some sounds, so he went to look for A.[S.] and couldn't find her anywhere in the house. He went to the garage, opened the door, and saw A.[S.] and Dennis [Berg] in the garage he said smoking a cigarette, and I said, "Well, then, did you tell -- did you tell A.[S.] that the baby was crying?" "No, I didn't. I just went back to the

couch," and I told him, "Well you went to look for her but you -- once you found her then you didn't -- you didn't tell her the baby was crying?" He said, "No," and I just -- I said, "I find that unusual that you would do that, that you would go to the trouble of looking for her and then when you found her not say anything." I said, "Is it possible that you opened that door and saw her being assaulted?" and he said, "No, I didn't," and that was basically the end of our discussion.

. . . .

A. . . . -- and one other thing he did say is that when I asked "Did you -- you know, why didn't you tell her the baby was crying?" he said, "Well, it was cold outside. I figured she would be in sooner or later. I mean soon."

25. ¶ The record reflects that the substance of both Jim Johnson's and Ronald Charlton's testimony was introduced by Thompson through the cross-examination of Officer Sanders. Thus, in spite of the District Court's exclusion of Berg's two critical witnesses, the jury was essentially provided with the substance of their testimony.

26. ¶ Berg contends that Ricky Charbonneau would have testified that the event for which Berg was charged would have to have occurred, if at all, in January 1997, rather than during December 1996, as alleged, and that this would have established that the alleged victim was 16 years old at the time, rather than 15. However, her age was only relevant to the issue of consent and Berg did not raise consent as a defense. For these reasons, we conclude that the District Court's error was not so prejudicial that Berg was deprived of a fair trial. Therefore, we hold that the District Court's exclusion of Berg's witnesses at trial was harmless error.

## ISSUE 3

27. ¶ Did the District Court err when it found that Berg was not prejudiced by ineffective assistance of counsel and, therefore, was not entitled to a new trial?

28. ¶ We review claims of ineffective assistance of counsel pursuant to the two-prong test set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674. *Bone*, 284 Mont. at 303, 944 P.2d at 740. The first prong of the *Strickland* test is to determine whether counsel acted within the range of competence demanded of attorneys in criminal cases. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. The second prong of the *Strickland* test requires a defendant to show that counsel's deficient performance prejudiced the defense so as to deny the

defendant a fair trial. *Bone*, 284 Mont. 293, 303, 944 P.2d 734, 740. In order to show prejudice, the petitioner must show that there is a reasonable probability that, because of the error, the defendant was denied a fair trial. *Bone*, 284 Mont. at 303-04, 944 P.2d at 740. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064.

29. ¶ The District Court found that: "the first prong of the *Strickland* test may be met in this case: [c]ounsel for the defendant missed the Court's deadline to submit his list of witnesses to the state." The issue on appeal is whether counsel's performance denied Berg a fair trial. Because we have previously held that the exclusion of Berg's witnesses at trial did not deny him a fair trial, the second prong of the *Strickland* test cannot be satisfied. Therefore, we conclude that the District Court did not abuse its discretion when it denied Berg's motion for a new trial.

30. ¶ We affirm the judgment of the District Court.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART

/S/ WILLIAM E. HUNT, SR.

Justice James C. Nelson specially concurs.

30. ¶ I concur in our opinion and in all that is said with the exception that I do not agree with the Court's conclusion that the trial court abused its discretion by precluding Berg from calling witnesses as a sanction for the Defendant's failure to comply with § 46-15-323(6)(a), MCA.

31. ¶ Admittedly, precluding a party from calling witnesses is a severe sanction that

should be judiciously imposed. Notwithstanding, in the case at bar, even assuming *arguendo* that Berg's failure to timely file his witness list was not wilful, he nevertheless failed to demonstrate any good cause or compelling justification for his failure to comply with the discovery requirements of § 46-15-323, MCA, and the trial court's Omnibus Hearing order which extended substantially his statutory discovery obligations. To make matters worse, at the March 18, 1999 hearing to exclude witnesses, Berg's counsel misled the State and the District Judge by affirmatively representing that he intended only to call two impeachment witnesses-- which the court allowed him to call--and that other witnesses on his list would not be called. Indeed, Berg did not make any pretrial objection to the court's March 20, 1999 order excluding the witnesses he now contends were crucial to his defense.

32. ¶ Under these facts, I cannot agree that the trial court abused its discretion in precluding Berg from calling other witnesses in his defense. The trial judge ought not to be held in error because of the Defendant's choice to ignore the discovery rules; to ignore the court's discovery orders; to be less than candid; and to play fast and loose with the court. In any event, since I am otherwise in accord with our analysis and the result reached, I concur.

/S/ JAMES C. NELSON