No. 98-533

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 331

297 Mont. 379

992 P.2d 1276

STATE OF MONTANA,

Plaintiff and Respondent,

v.

RICK BRADLEY DEZEEUW,

Defendant and Appellant.

APPEAL FROM: District Court of the Sixteenth Judicial District,

In and for the County of Custer,

The Honorable Gary L. Day, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

David Duke, Duke Law Firm; Billings, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Tammy K. Plubell,

Assistant Attorney General; Helena, Montana

Garry P. Bunke, Custer County Attorney; Collen Magera,

Deputy County Attorney; Miles City, Montana

Submitted on Briefs: September 30, 1999

Decided: December 27, 1999

Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

¶ By Information filed in the District Court for the Sixteenth Judicial District in Custer County, the Defendant Rick Bradley Dezeeuw, was charged with aggravated assault in violation of § 45-5-202(1), MCA. Dezeeuw denied guilt; was tried by a jury; and was convicted as charged. Dezeeuw appeals from the District Court's exclusion of his witnesses, for failure to timely disclose them. We reverse the judgment of the District Court and remand for a new trial.

¶ The following issues are presented on appeal:

¶ 1. Did the District Court abuse its discretion when, as a sanction for failure to timely disclose witnesses, it precluded Dezeeuw from calling those witnesses at trial?

¶ 2. Did Dezeeuw receive ineffective assistance of counsel?

## FACTUAL BACKGROUND

¶ On May 7, 1996, Rick Bradley Dezeeuw was charged by Information with the felony offense of aggravated assault in violation of § 45-5-202(1), MCA. The Information charged that on February 23, 1996, in front of the Drake Lounge in Miles City, Custer County, Montana, Dezeeuw purposely or knowingly caused serious bodily injury to James Bonogofsky, by punching and kicking Bonogofsky repeatedly in the face.

¶ Ten months later, on March 14, 1997, the District Court filed the omnibus hearing order which provided that Dezeeuw had 30 days to provide the State with written notice of his defenses and witnesses. Trial was scheduled for May 20, 1997, but continued by stipulation of the parties to January 27, 1998. On September 25, 1997, Dezeeuw filed a notice which substituted David Duke for his original counsel. The trial date was then again continued to March 2, 1998.

¶ On February 18, 1998, Dezeeuw provided the State a list of witnesses he intended to call at trial and a list of exhibits he intended to use at trial. On February 22, 1998, Dezeeuw added Bette Nelson, an eyewitness, to his list of witnesses. On February 25, 1998, the State filed a motion in limine to exclude Dezeeuw's witnesses and evidence based on the untimely disclosure of his witness list. On February 27, 1998, the District Court held a telephonic hearing to consider the State's motion to exclude Dezeeuw's witnesses and evidence. At that time, Dezeeuw's attorney agreed that the trial date could be continued due to untimely disclosure and that he personally should be sanctioned for the cost of delay. After listening to the arguments of both counsel, the District Court granted the State's motion to exclude Dezeeuw's witnesses and evidence. On March 2, 1998, the District Court filed its order and memorandum setting forth the District Court's reasons for excluding Dezeeuw's witnesses and evidence as a sanction for discovery noncompliance pursuant to § 46-15-329, MCA.

¶ A jury trial was held on March 2 and 3, 1998. The State presented 17 witnesses,

including several eyewitnesses to the altercation. Dezeeuw was the only witness permitted to testify for the defense. The jury found Dezeeuw guilty of aggravated assault. Immediately following announcement of the verdict, Dezeeuw requested a new trial on the basis that the court improperly excluded his witnesses at trial. The District Court denied Dezeeuw's motion for a new trial. Dezeeuw appeals the District Court's order excluding his witnesses.

## STANDARD OF REVIEW

¶ We review a district court's imposition of sanctions pursuant to § 46-15-329, MCA, for an abuse of discretion. *State v. Haskins* (1994), 269 Mont. 202, 207, 887 P.2d 1189, 1192.

## ISSUE 1

¶ Did the District Court abuse its discretion when, as a sanction for failure to timely disclose witnesses, it precluded Dezeeuw from calling witnesses at trial?

¶ Dezeeuw asserts that because the purpose of Montana's reciprocal discovery is to enhance the search for truth, and the District Court's exclusion of Dezeeuw's witnesses did not further that purpose, it was an abuse of discretion. Additionally, Dezeeuw contends that the sanction which excluded Dezeeuw's witnesses was not commensurate with Dezeeuw's failure to comply with the District Court's disclosure order, because the District Court, in deciding upon a sanction, should consider the reason that the disclosure was not made, whether the noncompliance was willful, the amount of prejudice to the other party, and any other relevant circumstances.

¶ The State contends that Dezeeuw violated § 46-15-323, MCA, which provides:

> (2) Within 30 days after the arraignment or at a later time as the court may for good cause permit, the defendant shall provide the prosecutor with a written notice of the defendant's intention to introduce evidence at trial of good character or the defenses of alibi, compulsion, entrapment, justifiable use of force, or mistaken identity.

> . . . .

> (6) Within 30 days after the arraignment or at a later time as the court may for good cause permit, the defendant shall make available to the prosecutor for

testing, examination, or reproduction:

> (a) the names, addresses, and statements of all persons, other than the defendant, whom the defendant may call as witnesses in the defense case in chief, together with their statements.

The State further asserts that the District Court's exclusion of Dezeeuw's witnesses and evidence was warranted pursuant to § 46-15-329, MCA, as a result of Dezeeuw's failure to comply with § 46-15-323, MCA. Section 46-15-329, MCA, provides:

> If at any time during the course of the proceeding it is brought to the attention of the court that a party has failed to comply with any of the provisions of this part or any order issued pursuant to this part, the court may impose any sanction that it finds just under the circumstances, including but not limited to:
>
> (1) ordering disclosure of the information not previously disclosed;
>
> (2) granting a continuance;
>
> > (3) holding a witness, party, or counsel in contempt for an intentional violation;
> >
> > (4) precluding a party from calling a witness, offering evidence, or raising a defense not disclosed; or
>
> (5) declaring a mistrial when necessary to prevent a miscarriage of justice.

¶ In *State v. Waters* (1987), 228 Mont. 490, 495, 743 P.2d 617, 620, we stated that the purpose of Montana's discovery scheme is to enhance the search for truth. In addition, we stated:

> Consistent with th[at] goal, § 46-15-329, MCA, provides a means of enforcing discovery orders. It endows the district courts with the flexibility to impose sanctions commensurate with the failure to comply with discovery orders. The statute does not mandate automatic exclusion for non-compliance. By its terms, § 46-15-329 provides that "the court may impose any sanction that it finds just under the circumstances."

. . . .

> Such discretion allows the court to consider the reason why disclosure was not made, whether the noncompliance was willful, the amount of prejudice to the opposing party, and any other relevant circumstances.

*Waters*, 228 Mont. at 495, 743 P.2d at 621.

¶ In a recent case, *State v. Berg*, 1999 MT 282, 56 St.Rep. 1138, this Court discussed the issue of witness exclusion as a sanction pursuant to § 46-15-329, MCA. In *Berg*, we stated:

> We agree with the District Court that Berg's witness list was untimely. Nevertheless, we conclude that the District Court's imposition of the harshest sanction available in this case, the exclusion of Berg's witnesses, was an abuse of the District Court's discretion. Our review of the record indicates that Berg's failure to timely disclose witnesses was not willful and that the State would not have been unduly prejudiced or surprised by Berg's noncompliance, since the proffered witnesses were known to the State. We agree with the District Court that a sanction was appropriate, however we conclude that under these circumstances, a less severe sanction should have been imposed.

*Berg,* ¶ 21.

¶ When considering the statutory sanctions provided in § 46-15-329, MCA, we must also keep in mind the guarantee in Article II, Section 24 of the Montana Constitution, "that in all criminal prosecutions, the accused shall have the right to . . . the attendance of witnesses in his behalf . . ." and exercise discretion accordingly. In this case, Dezeeuw's counsel, David Duke, took over the case six months after the date Dezeeuw was required to disclose his witnesses and evidence to the State. There was no evidence that Dezeeuw's failure to timely disclose his witnesses and evidence was willful. Dezeeuw provided the State with a list of his witnesses and evidence on February 18, 1998, less than two weeks prior to trial. However, by February 27, 1998, at the time of the telephonic hearing to consider the State's motion, the State admitted that it had already interviewed all of Dezeeuw's potential witnesses. Therefore, prejudice to the State from allowing Dezeeuw's witnesses to testify would have been minimal. Furthermore, the option of continuing the trial date and imposing any related costs of delay as a sanction against Dezeeuw's attorney

was available.

¶ Accordingly, we conclude that the District Court's exclusion of Dezeeuw's witnesses, specifically the exclusion of an eyewitness to the altercation, when Dezeeuw's only defense was self-defense, hindered the search for truth and therefore was an abuse of the District Court's discretion, and that a less severe sanction should have been imposed, which would not have denied the jury its fact finding role.

¶ Section 46-20-701(1), MCA, provides that "[a] cause may not be reversed by reason of any error committed by the trial court against the convicted person unless the record shows that the error was prejudicial." *See also State v. Maier*, 1999 MT 51, 977 P.2d 298, 56 St.Rep. 208.

¶ We conclude that the exclusion of Dezeeuw's witnesses was prejudicial. At trial, the State presented 17 different witnesses, several of whom testified that they witnessed the altercation between Dezeeuw and Bonogofsky. Because of the District Court's order excluding all of Dezeeuw's witnesses, Dezeeuw himself was the only person allowed to testify as a defense witness. Dezeeuw testified that Bonogofsky was the aggressor and that Dezeeuw was acting in self-defense when he kicked Bonogofsky. Dezeeuw intended to call Bette Nelson as an eyewitness to testify that she saw the beginning of the altercation, and saw Bonogofsky swing at Dezeeuw before Dezeeuw kicked Bonogofsky. In fact, Bette Nelson was allowed to testify at Dezeeuw's sentencing hearing and testified that:

> [Dezeeuw] tried to get away from Bonogofsky, yes. He backed up because Bonogofsky was standing in the shadows of the Drake, and he backed up all the way to the Log Cabin to get away from Bonogofsky swinging at him. Finally he [Dezeeuw] just "bang" "bang." He [Dezeeuw] was done and Bonogofsky was down on the ground.

¶ Bette Nelson was an eyewitness to the altercation and would have testified in support of Dezeeuw's claim that he acted in self-defense. The fact that her testimony may have been inconsistent with that of other eyewitnesses, creates a factual issue that the jury was entitled to consider. We conclude that the District Court abused its discretion by excluding her from testifying as a sanction, and her exclusion was prejudicial. Accordingly, we reverse and remand for a new trial.

ISSUE 2

¶ Did Dezeeuw receive ineffective assistance of counsel?

¶ Based on our resolution of the previous issue, we need not, and therefore, decline to address whether Dezeeuw received ineffective assistance of counsel.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ WILLIAM E. HUNT, SR.

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART

Justice James C. Nelson dissents.

¶ I do not agree with our resolution of Issue 1. I would hold that the District Court did not abuse its discretion in precluding Dezeeuw from calling his witnesses and that, furthermore, he has failed to demonstrate prejudice as a result of the trial court's ruling such as would require reversal of his conviction.

¶ The record reflects that the court conducted an omnibus hearing and established discovery deadlines on March 14, 1997. Dezeeuw was represented by appointed counsel. At this hearing Dezeeuw stated that he might rely on the defenses of good character and justifiable use of force. Consequently, the court ordered him to give notice of defenses and his witnesses who would be testifying as to those defenses within 30 days. Defense

counsel acknowledged these deadlines by signing the omnibus hearing order. The prosecution filed its initial witness list and exhibit list on April 11, 1997. The State added additional witnesses with court permission the same date and then filed supplemental witness lists on January 23, 1998, February 23, 1998, and February 24, 1998. The defendant failed to comply with the court's discovery orders in any respect.

¶ On July 13, 1997, Dezeeuw substituted his present retained counsel. The trial date (which had been vacated to allow the parties to engage in plea negotiations) was set for March 2, 1998. On February 19, 1998, Dezeeuw's counsel faxed a letter dated February 18, 1998, to the prosecuting attorney indicating his intention to rely on defenses of good character and justifiable use of force. This letter also listed 7 witnesses who would testify. Counsel then faxed a second letter on February 22, 1998, in which he identified another witness. At no time did Dezeeuw file his notice of defenses or witness list with the court as required by § 46-15-323(2) and (6), MCA.

¶ On February 25, 1998, the State moved to exclude the witnesses Dezeeuw had disclosed. A hearing on this motion was held on February 27, 1998. During this hearing, and to his credit, Dezeeuw's counsel candidly admitted that he did not have a good excuse for not supplying his witness list within 30 days other than that he was involved with other cases, was a sole practitioner, and had taken on the case as a favor to Dezeeuw's parents, for whom he was doing other work. Counsel stated that he was not aware of the omnibus hearing order, although he also conceded that he had possession of the first defense counsel's file. He tacitly admitted that he was not aware of the requirements of the discovery statute and of the consequences for failing to timely furnish discovery. And, counsel conceded that neither he nor his predecessor had requested an extension of time in which to identify witnesses.

¶ Following the hearing, the court granted the State's motion to exclude witnesses. The trial judge noted that Dezeeuw failed to file his discovery by the production date contemplated by the omnibus hearing order; that his present counsel had failed to file his discovery within 30 days of his being substituted as counsel of record; and that there were not only considerations of fairness in trial preparation, but that Dezeeuw had failed to follow the trial court's discovery orders and the statute. The judge also noted that exclusion of witnesses was the only appropriate sanction because ordering identification of witnesses as a sanction was moot and because continuing the trial was not an option given that the trial date had already been repeatedly delayed.

¶ On March 2, 1998, the first day of trial, Dezeeuw orally moved the court to reconsider its ruling excluding witnesses for at least one defense witness, Bette Nelson, who purportedly was an eyewitness to the assault. In making this motion, counsel stated that he had known about Nelson and had interviewed her 3 to 4 weeks prior to the trial date-- notwithstanding that he had first disclosed her to the prosecution 8 days before the trial date. The court denied this motion citing the defendant's failure to timely comply with the ordered discovery schedule and his failure to disclose Nelson when he first learned about her.

¶ Dezeeuw testified in his own behalf and, following this testimony, the court again denied defense counsel's renewed motion to allow Nelson to testify. Following his conviction, the District Judge denied Dezeeuw's alternative oral motions for a mistrial and a new trial.

¶ At his sentencing hearing on June 30, 1998, Dezeeuw called Nelson and 3 other witnesses to testify on his behalf. These were witnesses the defendant was precluded from calling at trial. His stated purpose in having them testify was to convince the court that it should not impose the mandatory minimum sentence for aggravated assault based on his claim that he was acting under extreme or unusual duress when he attacked the victim.

¶ Nelson testified, in sum, that she saw the victim hit Dezeeuw first. Her testimony lacked in detail and conflicted with the testimony of the eyewitnesses who testified for the State at trial. Nelson denied seeing Dezeeuw kick the victim, although at trial Dezeeuw admitted this fact. Nelson also claimed that as she watched the encounter between Dezeeuw and the victim, no cars drove by. Other trial testimony, however, demonstrated that at least 2 cars drove by Nelson.

¶ In its oral pronouncement of sentence, the District Judge rejected Dezeeuw's claim that he was acting under duress as presented through Nelson's testimony. The court noted that it did not give great credence to her testimony because, while claiming to be an eyewitness, her testimony was not consistent with Dezeeuw's own testimony that he kicked the victim and the testimony of other witnesses that cars drove by the encounter.

¶ Based on this record, I would hold that the trial court did not abuse its discretion in excluding Dezeeuw's witnesses. Dezeeuw's first attorney failed to comply with the discovery deadlines imposed by § 46-15-323, MCA. More importantly, neither his original attorney nor present counsel complied with the clear and unambiguous discovery orders of the trial court--orders that allowed more time to file discovery than did the statute itself.

Neither attorney offered any justification or compelling reason for his failure to timely fulfill the defendant's discovery obligations. In fact, Dezeeuw's present counsel candidly admitted that he had no good excuse--other than his involvement in other cases and the press of business.

¶ The majority relies on our recent decision in *State v. Berg*, 1999 MT 282, ___ P.2d ___, 56 St. Rep. 1138, for its decision to reverse the District Court in the case at bar. While this writer specially concurred in the result of our decision in *Berg*--there we concluded that the court's exclusion of the defendant's witnesses did not prejudice his case at trial, *Berg,* ¶¶ 23, 26--nevertheless, what was stated in the concurrence there is equally true here:

> The trial judge ought not to be held in error because of the Defendant's choice to ignore the discovery rules; to ignore the court's discovery orders; . . . and to play fast and loose with the court.

*Berg*, ¶ 33 (Nelson, J. concurring).

¶ Our decision here has made the trial judge the butt of the misconduct of the defendant and his counsel. As the majority acknowledge, we review the district court's imposition of sanctions for abuse of discretion. *State v. Haskins* (1994), 269 Mont. 202, 207, 887 P.2d 1189, 1192 (citations omitted). Section 46-15-329, MCA, endows the court with discretion and flexibility to impose sanctions commensurate with the failure to comply with discovery orders and, absent a clear abuse of discretion, we will not interfere with the trial court's decision. *Haskins*, 269 Mont. at 207, 887 P.2d at 1192 (citations omitted). In evaluating abuse of discretion, we look to whether the court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice. *Groves v. Clark*, 1999 MT 117, ¶ 25, 982 P.2d 446, ¶ 25, 56 St. Rep. 490, ¶ 25 (citation omitted).

¶ Precluding a party from calling witnesses is one of the alternative sanctions which the statute allows the court to discretionarily utilize to enforce the discovery obligations imposed on the State and on the defendant. Section 46-15-329(4), MCA. Given the record of this case, I cannot conclude that the District Court "acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice." Rather, the record reflects that the trial judge fairly heard and carefully considered the prosecution's motion to exclude witnesses; that the court fairly heard and carefully considered--several times, in fact--Dezeewu's failure to justify even

minimal compliance with the court's discovery orders; and that the court properly exercised its discretion and imposed the only sanction that was available.

¶ Indeed, here, instead of crediting the court's discretionary ruling in the face of Dezeeuw's unjustified failure to comply with the discovery statute and the court's discovery orders--as our standard of review plainly requires--we have, instead, improperly substituted our own judgment for that of the trial judge's. *See Gaustad v. City of Columbus* (1995), 272 Mont. 486, 488, 901 P.2d 565, 567 ("We will not substitute our judgment for the district court's judgment unless it clearly abused its discretion.") (citation omitted).

¶ Furthermore, if, as now appears to be the law based on *Berg* and our instant decision, criminal defense counsel can simply ignore the deadlines imposed by the discovery statute and court's discovery orders with impunity and without so much as offering a scintilla of good cause or justification, then we have effectively rendered meaningless the trial court's statutory authority--not to mention its flexibility--to enforce the defendant's discovery obligations under § 46-15-323, MCA, by imposing one of the alternate sanctions that the law specifically allows.

¶ Finally, and just as importantly, even if the majority's conclusion that the District Court abused its discretion in excluding the defendant's witnesses was correct--which it is not-- Dezeeuw has still failed in his burden to show prejudice as a result of the trial court's decision.

¶ Section 46-20-701, MCA, provides that "[a] cause may not be reversed by reason of any error committed by the trial court against the convicted person unless the record shows that the error was prejudicial." Moreover, we have held that prejudice will not be presumed but, rather, must be demonstrated *by the defendant* from the record and result from the denial or invasion of a substantial right from which the law imputes prejudice. *See State v. Huerta* (1997), 285 Mont. 245, 252, 947 P.2d 483, 487 (citations omitted).

¶ In the case *sub judice*, Dezeeuw has failed to demonstrate from the record any prejudice by reason of the trial court's exclusion of Nelson's testimony in his case in chief. Indeed, the majority has simply presumed prejudice to the defendant from the judge's ruling and has placed the burden of showing a lack of prejudice on the State--a burden not imposed by the law.

¶ While Nelson was precluded from testifying in Dezeeuw's case in chief, she did testify at

his sentencing hearing. Her testimony was not even sufficiently compelling to convince the District Court to not impose the mandatory minimum sentence. As noted above, Nelson's testimony conflicted not only with 4 of the State's witnesses, but with Dezeeuw's own testimony. Moreover, had the jury heard her testify that the victim first swung at Dezeeuw, Nelson's testimony would still not have established the defendant's justifiable use of force defense. Dezeeuw himself conceded that he made a conscious decision not to leave the scene of the assault. Dezeeuw acknowledged leaving the safety of the bar to which he claimed to have retreated to return to the victim's location. Dezeeuw testified that he kicked the victim after he had fallen to his knees. As the court observed at sentencing, the victim sustained most of his injuries in the attack after he was down. Thus, Dezeeuw's own testimony did not substantiate his claim of self-defense. Nelson's testimony, even assuming, *arguendo*, that the jury found it credible, would not have produced a different verdict.

¶ In summary, I would hold that the District Court did not abuse its discretion in precluding Dezeeuw from calling his witnesses as a sanction for his unjustified failure to comply with the discovery statute and the discovery orders of the court. Furthermore, I conclude that Dezeeuw failed in his burden to demonstrate prejudice as a result of the trial court's ruling such as would require reversal of his conviction.

¶ I would affirm Dezeeuw's conviction and I dissent from our failure to do so.

/S/ JAMES C. NELSON

Chief Justice J. A. Turnage concurs in the foregoing dissent.

/S/ J. A. TURNAGE

Justice Karla M. Gray, dissenting.

¶ I join in Justice Nelson's dissent, except for that portion which discusses *Berg*, in which I did not participate. I have now read the briefs, the record on appeal, and the opinions in that case and would have joined Justice Nelson's concurrence therein had I participated in the case.

¶ It is clear from the present case and *Berg* that the abuse of discretion standard has met its demise. It simply cannot fairly be said, in this case and on this record, that the District Court acted "arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice[,]" which is our standard in evaluating whether an abuse of discretion has occurred. *See Groves*, ¶ 25.

¶ In addition to Justice Nelson's thorough discussion of the impropriety of the Court's action here, it is appropriate to make one additional point. In determining that the District Court abused its discretion, the Court seems to rely largely on its statement that "the option of continuing the trial date and imposing any related costs of delay as a sanction against Dezeeuw's attorney was available." Under § 46-15-329, MCA, the Court's statement is correct. The problem with the Court's approach, though, is that sanction options are always available and, under § 46-15-329, MCA, it is up to the trial court to "impose any sanction that it finds just under the circumstances[.]" Here, the District Court exercised its discretion in selecting from the available options the sanction it determined was just and set forth its sound reasoning for the sanction selected. The

record fully supports the District Court's decision. In my view, the Court has simply taken onto itself the discretionary power granted by statute to the trial court and substituted its judgment for that of the District Court.

¶ I dissent.

/S/ KARLA M. GRAY