JUSTICE NELSON
dissents.
¶22 I do not agree with our resolution of Issue 1.1 would hold that the District Court did not abuse its discretion in precluding Dezeeuw from calling his witnesses and that, furthermore, he has failed to demonstrate prejudice as a result of the trial court’s ruling such as would require reversal of his conviction.
¶23 The record reflects that the court conducted an omnibus hearing and established discovery deadlines on March 14,1997. Dezeeuw was represented by appointed counsel. At this hearing Dezeeuw stated that he might rely on the defenses of good character and justifiable use of force. Consequently, the court ordered him to give notice of defenses and his witnesses who would be testifying as to those defenses within 30 days. Defense counsel acknowledged these deadlines by signing the omnibus hearing order. The prosecution filed its initial witness list and exhibit list on April 11,1997. The State added additional witnesses with court permission the same date and then filed supplemental witness lists on January 23,1998, February 23, 1998, and February 24, 1998. The defendant failed to comply with the court’s discovery orders in any respect.
¶24 On July 13, 1997, Dezeeuw substituted his present retained counsel. The trial date (which had been vacated to allow the parties to engage in plea negotiations) was set for March 2,1998. On February 19,1998, Dezeeuw’s counsel faxed a letter dated February 18,1998, to the prosecuting attorney indicating his intention to rely on defenses of good character and justifiable use of force. This letter also listed 7 ■witnesses who would testify. Counsel then faxed a second letter on February 22,1998, in which he identified another witness. At no time did Dezeeuw file his notice of defenses or witness list with the court as required by § 46-15-323(2) and (6), MCA.
*386 ¶25 On February 25,1998, the State moved to exclude the witnesses Dezeeuw had disclosed. A hearing on this motion was held on February 27,1998. During this hearing, and to his credit, Dezeeuw’s counsel candidly admitted that he did not have a good excuse for not supplying his witness list within 30 days other than that he was involved with other cases, was a sole practitioner, and had taken on the case as a favor to Dezeeuw’s parents, for whom he was doing other work. Counsel stated that he was not aware of the omnibus hearing order, although he also conceded that he had possession of the first defense counsel’s file. He tacitly admitted that he was not aware of the requirements of the discovery statute and of the consequences for failing to timely furnish discovery. And, counsel conceded that neither he nor his predecessor had requested an extension of time in which to identify witnesses.
¶26 Following the hearing, the court granted the State’s motion to exclude witnesses. The trial judge noted that Dezeeuw failed to file his discovery by the production date contemplated by the omnibus hearing order; that his present counsel had failed to file his discovery within 30 days of his being substituted as counsel of record; and that there were not only considerations of fairness in trial preparation, but that Dezeeuw had failed to follow the trial court’s discovery orders and the statute. The judge also noted that exclusion of witnesses was the only appropriate sanction because ordering identification of witnesses as a sanction was moot and because continuing the trial was not an option given that the trial date had already been repeatedly delayed.
¶27 On March 2,1998, the first day of trial, Dezeeuw orally moved the court to reconsider its ruling excluding witnesses for at least one defense witness, Bette Nelson, who purportedly was an eyewitness to the assault. In making this motion, counsel stated that he had known about Nelson and had interviewed her 3 to 4 weeks prior to the trial date — notwithstanding that he had first disclosed her to the prosecution 8 days before the trial date. The court denied this motion citing the defendant’s failure to timely comply with the ordered discovery schedule and his failure to disclose Nelson when he first learned about her.
¶28 Dezeeuw testified in his own behalf and, following this testimony, the court again denied defense counsel’s renewed motion to allow Nelson to testify. Following his conviction, the District Judge de *387 nied Dezeeuw’s alternative oral motions for a mistrial and a new trial.
¶29 At his sentencing hearing on June 30, 1998, Dezeeuw called Nelson and 3 other witnesses to testify on his behalf. These were witnesses the defendant was precluded from calling at trial. His stated purpose in having them testify was to convince the court that it should not impose the mandatory minimum sentence for aggravated assault based on his claim that he was acting under extreme or unusual duress when he attacked the victim.
¶30 Nelson testified, in sum, that she saw the victim hit Dezeeuw first. Her testimony lacked in detail and conflicted with the testimony of the eyewitnesses who testified for the State at trial. Nelson denied seeing Dezeeuw kick the victim, although at trial Dezeeuw admitted this fact. Nelson also claimed that as she watched the encounter between Dezeeuw and the victim, no cars drove by. Other trial testimony, however, demonstrated that at least 2 cars drove by Nelson.
¶31 In its oral pronouncement of sentence, the District Judge rejected Dezeeuw’s claim that he was acting under duress as presented through Nelson’s testimony. The court noted that it did not give great credence to her testimony because, while claiming to be an eyewitness, her testimony was not consistent with Dezeeuw’s own testimony that he kicked the victim and the testimony of other witnesses that cars drove by the encounter.
¶32 Based on this record, I would hold that the trial court did not abuse its discretion in excluding Dezeeuw’s witnesses. Dezeeuw’s first attorney failed to comply with the discovery deadlines imposed by § 46-15-323, MCA. More importantly, neither his original attorney nor present counsel complied with the clear and unambiguous discovery orders of the trial court — orders that allowed more time to file discovery than did the statute itself. Neither attorney offered any justification or compelling reason for his failure to timely fulfill the defendant’s discovery obligations. In fact, Dezeeuw’s present counsel candidly admitted that he had no good excuse — other than his involvement in other cases and the press of business.
¶33 The majority relies on our recent decision in State v. Berg, 1999 MT 282, [296 Mont. 546], 991 P.2d 428, for its decision to reverse the District Court in the case at bar. While this writer specially concurred in the result of our decision in Berg — there we concluded that the court’s exclusion of the defendant’s witnesses did not prejudice his *388 case at trial, Berg, ¶¶ 23, 26 — nevertheless, what was stated in the concurrence there is equally true here:
The trial judge ought not to be held in error because of the Defendant’s choice to ignore the discovery rules; to ignore the court’s discovery orders;... and to play fast and loose with the court.
Berg, ¶ 33 (Nelson, J. concurring).
¶34 Our decision here has made the trial judge the butt of the misconduct of the defendant and his counsel. As the majority acknowledge, we review the district court’s imposition of sanctions for abuse of discretion. State v. Haskins (1994), 269 Mont. 202, 207, 887 P.2d 1189, 1192 (citations omitted). Section 46-15-329, MCA, endows the court with discretion and flexibility to impose sanctions commensurate with the failure to comply with discovery orders and, absent a clear abuse of discretion, we will not interfere with the trial court’s decision. Haskins, 269 Mont. at 207, 887 P.2d at 1192 (citations omitted). In evaluating abuse of discretion, we look to whether the court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice. Groves v. Clark, 1999 MT 117, ¶ 25, [294 Mont. 417, ¶ 25], 982 P.2d 446, ¶ 25 (citation omitted).
¶35 Precluding a party from calling witnesses is one of the alternative sanctions which the statute allows the court to discretionarily utilize to enforce the discovery obligations imposed on the State and on the defendant. Section 46-15-329(4), MCA. Given the record of this case, I cannot conclude that the District Court “acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice.” Rather, the record reflects that the trial judge fairly heard and carefully considered the prosecution’s motion to exclude witnesses; that the court fairly heard and carefully considered — several times, in fact — Dezeeuw’s failure to justify even minimal compliance with the court’s discovery orders; and that the court properly exercised its discretion and imposed the only sanction that was available.
¶36 Indeed, here, instead of crediting the court’s discretionary ruling in the face of Dezeeuw’s unjustified failure to comply with the discovery statute and the court’s discovery orders — as our standard of review plainly requires — we have, instead, improperly substituted our own judgment for that of the trial judge’s. See Gaustad v. City of Columbus (1995), 272 Mont. 486, 488, 901 P.2d 565, 567 (“We will not *389 substitute our judgment for the district court’s judgment unless it clearly abused its discretion.”) (citation omitted).
¶37 Furthermore, if, as now appears to be the law based on Berg and our instant decision, criminal defense counsel can simply ignore the deadlines imposed by the discovery statute and court’s discovery orders with impunity and without so much as offering a scintilla of good cause or justification, then we have effectively rendered meaningless the trial court’s statutory authority — not to mention its flexibility — to enforce the defendant’s discovery obligations under § 46-15-323, MCA, by imposing one of the alternate sanctions that the law specifically allows.
¶38 Finally, and just as importantly, even if the majority’s conclusion that the District Court abused its discretion in excluding the defendant’s witnesses was correct — which it is not — Dezeeuw has still failed in his burden to show prejudice as a result of the trial court’s decision.
¶39 Section 46-20-701, MCA, provides that “[a] cause may not be reversed by reason of any error committed by the trial court against the convicted person unless the record shows that the error was prejudicial.” Moreover, we have held that prejudice will not be presumed but, rather, must be demonstrated by the defendant from the record and result from the denial or invasion of a substantial right from which the law imputes prejudice. See State v. Huerta (1997), 285 Mont. 245, 252, 947 P.2d 483, 487 (citations omitted).
¶40 In the case sub judice, Dezeeuw has failed to demonstrate from the record any prejudice by reason of the trial court’s exclusion of Nelson’s testimony in his case in chief. Indeed, the majority has simply presumed prejudice to the defendant from the judge’s ruling and has placed the burden of showing a lack of prejudice on the State — a burden not imposed by the law.
¶41 While Nelson was precluded from testifying in Dezeeuw’s case in chief, she did testify at his sentencing hearing. Her testimony was not even sufficiently compelling to convince the District Court to not impose the mandatory minimum sentence. As noted above, Nelson’s testimony conflicted not only with 4 of the State’s witnesses, but with Dezeeuw’s own testimony. Moreover, had the jury heard her testify that the victim first swung at Dezeeuw, Nelson’s testimony would still not have established the defendant’s justifiable use of force defense. Dezeeuw himself conceded that he made a conscious decision not to leave the scene of the assault. Dezeeuw acknowledged leaving the *390 safety of the bar to which he claimed to have retreated to return to the victim’s location. Dezeeuw testified that he lacked the victim after he had fallen to his knees. As the court observed at sentencing, the victim sustained most of his injuries in the attack after he was down. Thus, Dezeeuw’s own testimony did not substantiate his claim of self-defense. Nelson’s testimony, even assuming, arguendo, that the jury found it credible, would not have produced a different verdict. ¶42 In summary, I would hold that the District Court did not abuse its discretion in precluding Dezeeuw from calling his witnesses as a sanction for his unjustified failure to compty with the discovery statute and the discovery orders of the court. Furthermore, I conclude that Dezeeuw failed in his burden to demonstrate prejudice as a result of the trial court’s ruling such as would require reversal of his conviction.
¶43 I would affirm Dezeeuw’s conviction and I dissent from our failure to do so.
CHIEF JUSTICE TURNAGE concurs in the foregoing dissent.