No. 98-503

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 36N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

JESSE JAMES HIGAREDA,

Defendant and Appellant.

APPEAL FROM: District Court of the Second Judicial District,

In and for the County of Silver Bow,

The Honorable James E. Purcell, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Chad Wright, Appellate Defender Office; Helena, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Cregg W. Coughlin,

Assistant Attorney General; Helena, Montana

Robert McCarthy, Silver Bow County Attorney; Brad G. Newman

and Samm T. Cox Deputy County Attorneys; Butte, Montana

Submitted on Briefs: September 30, 1999

Decided: February 11, 2000

Filed:

_____

Clerk

Justice Jim Regnier delivered the opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Jesse James Higareda appeals from the Judgment and Order of Commitment entered by the Second Judicial District Court, Silver Bow County. The dispositive issue presented on appeal is whether Higareda's attorney provided ineffective assistance of counsel when she failed to object to the State's improper comments concerning the credibility of a witness. We affirm.

## BACKGROUND

¶3 On June 25, 1997, Jesse James Higareda was charged by Information with three counts of criminal sale of dangerous drugs, a felony, in violation of § 45-9-101(1), MCA (1995). At arraignment, Higareda entered a plea of not guilty with regard to each of the three counts. Following the Omnibus Hearing, the District Court set the matter for trial.

¶4 A jury trial was commenced on March 23, 1998. During deliberations the jury became deadlocked on all three counts, requiring the District Court to declare a mistrial. Subsequent to the mistrial, the State decided to retry Higareda on all three counts. A second jury trial was commenced on June 2, 1998. On June 3, 1998, the jury found Higareda guilty of all three counts of the felony offense of criminal sale of dangerous drugs.

¶5 The District Court conducted a sentencing hearing on July 30, 1998. After review of the Pre-Sentence Investigation Report and consideration of the prosecutor and defense counsel's arguments regarding sentencing, the District Court sentenced Higareda to a term of 15 years on each count, to run consecutively. The District Court suspended 15 years of the sentence imposed subject to specific terms and conditions. Following the sentencing hearing, the District Court entered a Judgment and Order of Commitment. Higareda appeals from the District Court's Judgment and Order of Commitment.

## STANDARD OF REVIEW

¶6 "We review claims of ineffective assistance of counsel pursuant to the two-prong test set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674." *State v. Berg*, 1999 MT 282, ¶ 11, 56 St.Rep. 1138, ¶ 11.

## DISCUSSION

¶7 Whether Higareda's attorney provided ineffective assistance of counsel when she failed to object to the State's improper comments concerning the credibility of a witness?

¶8 Higareda asserts that the State improperly promoted the credibility of the confidential informant's testimony through personal opinions, the prestige of the county attorney's office, and individual officers. Higareda further contends that his attorney's failure to object to this prosecutorial misconduct prevented the jury from considering the informant's testimony without the taint of State interference, which constitutes ineffective assistance of counsel. The State responds that neither the record nor the law supports Higareda's allegations. We agree.

¶9 The two-part test set forth in *Strickland* for ineffective assistance of counsel is as follows:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair

trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687, 104 S. Ct. at 2064. "[T]he proper standard for attorney performance is that of reasonably effective assistance." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *see also State v. Hanson* (1997), 283 Mont. 316, 327, 940 P.2d 1166, 1173. "Under *Strickland*, judicial scrutiny of counsel's performance must be highly deferential and the reviewing court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *State v. McLain* (1991), 249 Mont. 242, 245, 815 P.2d 147, 149 (citing *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065).

¶10 We have previously held that it is improper for the prosecution to offer a personal opinion regarding the credibility of a witness. *See State v. Gladue*, 1999 MT 1, ¶ 15, 293 Mont. 1, ¶ 15, 972 P.2d 827, ¶ 15 (citations omitted). "However, it is proper for a prosecutor to comment on conflicts and contradictions in testimony, as well as to comment on the evidence presented and suggest to the jury inferences which may be drawn therefrom." *Gladue*, ¶ 15.

¶11 Upon careful review of the instances of prosecutorial misconduct alleged by Higareda, we determine that the prosecution's comments and questioning were not improper. Neither of the State's attorneys offered a personal opinion regarding the credibility of the informant. The State's attorneys properly commented on conflicts and contradictions in the testimony, commented on the evidence presented, and suggested to the jury inferences that could have reasonably been drawn from the evidence. Thus, there was no basis for Higareda's attorney to object on the ground that the State was improperly offering personal opinion on the credibility of a witness. Accordingly, we conclude that Higareda cannot satisfy the first prong of the *Strickland* test to establish that his attorney provided ineffective assistance of counsel.

¶12 Affirmed.

/S/ JIM REGNIER

We Concur:

/S/ J. A. TURNAGE

/S/ WILLIAM E. HUNT, SR.

/S/ TERRY N. TRIEWEILER

/S/ KARLA M. GRAY