No. 04-768

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 270N

SANDRA ICE,

Petitioner and Appellant,

v.

STATE OF MONTANA,

Respondent and Respondent.

APPEAL FROM:     The District Court of the Nineteenth Judicial District,
                 In and For the County of Lincoln, Cause No. DV 2004-27,
                 Honorable Michael C. Prezeau, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Amy N. Guth, Attorney at Law, Libby, Montana

        For Respondent:

            Honorable Mike McGrath, Attorney General; Carol E. Schmidt,
            Assistant Attorney General, Helena, Montana

            Bernard G. Cassidy, County Attorney, Libby, Montana

                                        Submitted on Briefs:  September 7, 2005

                                                Decided:   November 1, 2005

Filed:

        _____
                            Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Sandra Lynn Ice pled guilty to Aggravated Burglary with Dangerous Weapons, a felony in violation of § 45-6-204(2)(a), MCA, for attempting to kill, by stabbing, her lover's wife, Stacey Callen, now known as Stacey Mitchell. Ice pled guilty after the State agreed to recommend a twenty-year sentence with ten years suspended.

¶3     On January 3, 2003, Ice filed a notice requesting that the court enter Charles Sprinkle as her new attorney of record. Ice did not know at the time that Sprinkle shared a law practice with William Douglas, the attorney representing Mitchell, Ice's victim, in a civil action against Mark Callen–Mitchell's husband and Ice's lover and accomplice. Sprinkle filed a motion to withdraw the guilty plea, but failed to provide a brief or memorandum in support. The court denied Ice's motion to withdraw her guilty plea, subject to reconsideration if counsel supported the request with appropriate legal authority. Since nothing further was filed, the matter remained denied. The next day, pursuant to the court's direction and without objection, Sprinkle filed a psychological evaluation requested by Ice's original counsel. The District Court subsequently made this report available to counsel involved in

2

the civil proceedings against Callen. Several weeks later the court sentenced Ice to Montana Women's Prison for twenty years, with ten years suspended.

¶4 On March 6, 2003, Ice filed an application requesting that the Sentence Review Division of this Court review her sentence. The District Court granted Ice a new attorney to represent her before the Sentence Review Division. Given Ice's dissatisfaction with counsel, the court granted her request for yet another attorney, who filed a petition for postconviction relief, along with an affidavit and memorandum. The District Court ordered a response within thirty days from the "Lincoln County Attorney and/or Montana Attorney General's Office." The Lincoln County Attorney filed a brief with the court opposing all relief requested in Ice's petition. Meanwhile, this Court ordered Sprinkle to respond to charges of ineffective assistance of counsel and he complied. Ice subsequently filed an affidavit in opposition to Sprinkle's affidavit. On September 1, 2004, without conducting a hearing, the District Court issued its order denying Ice's petition for postconviction relief. Ice filed a notice of appeal.

¶5 Ice asserts three issues on appeal: (1) whether the District Court erred in denying her claim for postconviction relief without consideration of a reply from the Montana Attorney General; (2) whether the District Court erred in failing to afford Ice the opportunity to address the District Court; and (3) whether Ice was provided effective assistance of counsel. We affirm the District Court's denial of postconviction relief.

¶6     We have determined to decide this case with a memorandum opinion pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, and affirm the District Court for the reasons stated below.

¶7     Since Ice failed to raise the first two issues in the District Court, we are barred from addressing them on appeal. Sections 46-20-104 and 46-20-701(2), MCA. Regarding the third issue, Ice argues that Sprinkle provided ineffective assistance of counsel because (1) he abandoned her claim to withdraw the guilty plea; (2) he erred in not objecting to the release of Ice's psychological examination; and (3) he had a conflict of interest by sharing office space with the attorney representing Ice's victim in a civil claim against Ice's lover.

> We review claims of ineffective assistance of counsel pursuant to the two-prong test set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052. The first prong of the *Strickland* test is to determine whether counsel acted within the range of competence demanded of attorneys in criminal cases. The second prong of the *Strickland* test requires a defendant to show that counsel's deficient performance prejudiced the defense so as to deny the defendant a fair trial. In order to show prejudice, the petitioner must show that there is a reasonable probability that, because of the error, the defendant was denied a fair trial.

*State v. Berg*, 1999 MT 282, ¶ 28, 296 Mont. 546, ¶ 28, 991 P.2d. 428, ¶ 28 (citations omitted).

¶8     We agree with the District Court that, in accordance with the second prong of the *Strickland* test, Ice failed to demonstrate prejudice as a result of Sprinkle's representation.

¶9     Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

4

/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ JOHN WARNER
/S/ JIM RICE